J-A06044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WADE HAMPTON SHAFFER JR. | : | |
| | : | |
| Appellant | : | No. 140 WDA 2023 |

Appeal from the PCRA Order Entered January 3, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000234-2021,
CP-61-CR-0000237-2021, CP-61-CR-0000316-2021

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: March 13, 2024**

Wade Hampton Shaffer Jr. ("Shaffer") appeals from the order entered by the Venango County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  On appeal, Shaffer challenges the voluntariness of his guilty plea based on alleged prosecutorial misconduct.  Because Shaffer has waived the sole issue he raises on appeal, we affirm.

The charges in this case stem from an incident that occurred on March 29, 2021.  On that date, Shaffer threatened Mariah Reagle ("Reagle") with a firearm because she refused to give him a ride in her vehicle.  Shaffer

---

[1] 42 Pa.C.S. §§ 9541-9546.

subsequently made several attempts to contact Reagle, both on his own and through others, to pressure her not to press charges against him.

The Commonwealth charged Shaffer at three separate docket numbers with numerous offenses, including simple assault, harassment, persons not to possess a firearm, theft by unlawful taking (of a firearm), criminal coercion, criminal trespass, false imprisonment, kidnapping with the intent to inflict bodily injury on or to terrorize the victim or another, intimidation of witnesses, and stalking.  On July 8, 2021, Shaffer pled guilty to simple assault, criminal coercion, and stalking.  In exchange for his plea, the Commonwealth agreed to nolle pros his remaining charges, including the firearm-related offenses, and to recommend a sentence of four to eight years of incarceration.  The trial court accepted the guilty plea and imposed the agreed upon sentence on September 27, 2021.  Shaffer filed a motion for reconsideration of his sentence, which the trial court denied.  Shaffer did not pursue a direct appeal.

On February 28, 2022, Shaffer timely filed a pro se PCRA petition, his first, in which he alleged that ineffective assistance of counsel unlawfully induced him to plead guilty to crimes for which he was innocent.  Specifically, Shaffer asserted that his plea counsel was aware the firearm that the Commonwealth alleged he had stolen was, in fact, in the possession of the rightful owner and that plea counsel should have used this information to get the Commonwealth to withdraw his firearms charges.  Shaffer averred that it

was the threat of the sentences relating to his firearms charges that induced him to plead guilty to crimes he did not commit.

The PCRA court appointed counsel to represent Shaffer; PCRA counsel did not file an amended petition. On October 6, 2022, the PCRA court held a hearing on Shaffer's petition. At the hearing, Shaffer, through counsel, expressly abandoned his ineffective assistance of counsel claim in favor of a claim that prosecutorial misconduct unlawfully induced Shaffer to plead guilty. Shaffer argued that the Commonwealth should have withdrawn his firearms charges because it was aware that the allegedly stolen firearm was in the possession of the firearm's owner, and the Commonwealth's decision not to withdraw his firearms charges placed him in a weaker negotiating position for his plea bargain.

On January 3, 2023, the PCRA court denied Shaffer's PCRA petition. It found that Shaffer had abandoned his ineffective assistance of counsel claim and waived his claim that prosecutorial misconduct unlawfully induced his guilty plea because he did not raise it in his PCRA petition.

On February 2, 2023, Shaffer, despite being represented by PCRA counsel, filed a pro se notice of appeal.[2] On April 21, 2023, in response to a

---

[2] We note that Shaffer filed a single notice of appeal that listed all three trial court docket numbers. "[W]here a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case" and the failure to do so "will result in quashal of the appeal." ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018), *overruled in part*, ***Commonwealth***
*(Footnote Continued Next Page)*

request by Shaffer for the removal of PCRA counsel, this Court issued an order directing the PCRA court to determine whether he remained represented by PCRA counsel or whether he was entitled to substitute counsel. On April 26, 2023, the PCRA court entered an order removing PCRA counsel and appointing substitute counsel for Shaffer's PCRA appeal.

On appeal, Shaffer presents one issue for our review:

> Whether the [PCRA court] erred as [a] matter [of law] or abused its discretion in denying [Shaffer]'s PCRA petition and denying that [Shaffer]'s guilty plea and sentence be vacated due to the prosecution failing to disclose that the firearms had been found, which said charge of [t]heft of a [f]irearm induced [Shaffer] to enter into a guilty plea.

Shaffer's Brief at 5.

Shaffer argues that the PCRA court erred in dismissing his claim that his guilty plea was unlawfully induced by prosecutorial misconduct. *Id.* at 8-13. Shaffer asserts that the Commonwealth did not negotiate his plea in good faith

---

*v. Young*, 265 A.3d 462, 477 (Pa. 2021) (reaffirming *Walker*, but concluding that Pa.R.A.P. 902 permits an appellate court, in its discretion, to allow for the correction of such an error); *see also* Pa.R.A.P. 902. This Court has concluded, however, that a breakdown in the operations of the court, which excuses strict compliance with *Walker*, occurs when the lower court does not inform a defendant of his appellate rights or determine on the record that the defendant has been advised of his appellate rights. *Commonwealth v. Floyd*, 257 A.3d 13, 17 (Pa. Super. 2020); *see also* Pa.R.Crim.P. 908(E) (stating that a PCRA court "shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed"). Here, the record reflects that the PCRA court failed to inform Shaffer of his appellate rights. We therefore conclude that a breakdown in the court's operations, like the one in *Floyd*, occurred in this case, and we decline to quash this appeal.

because it did not inform him that the allegedly stolen firearm had been found in the possession of the owner. *Id.* at 12. Shaffer contends that had he known this information, he would have had a defense to his firearms charges and would not have felt pressured into pleading guilty. *Id.* Shaffer asserts that the Commonwealth, in failing to disclose the information related to the firearm at issue, violated *Brady v. Maryland*, 373 U.S. 83 (1963).[3] Shaffer's Brief at 12-13. Shaffer thus claims that he did not knowingly and voluntarily enter his guilty plea. *Id.* at 12.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

A petitioner may obtain relief pursuant to the PCRA by proving that his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). Importantly, however, the PCRA does not permit claims that have "been previously litigated or waived." *Id.*§

---

[3] In *Brady*, the United States Supreme Court held that "suppression by the prosecution of favorable evidence to an accused upon request violates due process where the evidence is material either to guilt or to punishment[.]" *Brady*, 373 U.S. at 87.

9543(a)(3). Additionally, Pennsylvania Rule of Criminal Procedure 902(B) states that "[e]ach ground relied upon in support of the relief requested shall be stated in the [PCRA] petition" and that the "[f]ailure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.Crim.P. 902(B). Thus, "[i]t is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011).

After careful review, we conclude that Shaffer waived his challenge to the validity of his plea based on prosecutorial misconduct because he did not raise this claim in his PCRA petition.[4] **See** Pa.R.Crim.P. 902(B); **see also** PCRA Petition, 2/28/2022, at 4. Likewise, Shaffer has waived his **Brady** claim because he did not raise it in his PCRA petition. **See** Pa.R.Crim.P. 902(B). Accordingly, because Shaffer has waived his sole issue on appeal, he is not entitled to relief.[5]

_____

[4] Moreover, Shaffer's prosecutorial misconduct claim is also waived because he did not raise it in a direct appeal. **See** 42 Pa.C.S. § 9544(b) (An issue is deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); **see also Commonwealth v. Wholaver**, 177 A.3d 136, 174 (Pa. 2018) (holding that claims of prosecutorial misconduct that a petitioner could have raised on direct appeal are waived for purposes of the PCRA).

[5] We further note that as part of the plea agreement, the charges related to the firearm were nolle prossed. Moreover, Shaffer explicitly stated during the
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/13/2024

---

guilty plea colloquy that he was guilty of the remaining offenses. N.T., 7/8/2021, at 8-9; **see also Commonwealth v. Felix**, 303 A.3d 816, 821 (Pa. Super. 2023) (stating that "a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea.") (citation omitted).