J-S23015-23

2023 PA Super 193

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VAUGHN JOHN FELIX :
:
Appellant : No. 3104 EDA 2022

Appeal from the PCRA Order Entered November 8, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0001408-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

OPINION BY PANELLA, P.J.:                    **FILED OCTOBER 2, 2023**

Vaughn John Felix appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9545. Felix argues that his plea counsel's ineffectiveness caused him to enter an involuntary guilty plea to first-degree murder, because counsel failed to inform him of the nature of the charges, the factual basis of the plea, and the nature of the death penalty proceedings. We affirm.

In 2016 and 2017, Felix and co-conspirator, Gregory Lewis, Jr., robbed numerous businesses in Northampton County. Relevant to this case, during one robbery attempt, Felix shot and killed an employee of a cell phone store. The police arrested Felix and charged him in several different cases with numerous crimes.

Ultimately, on June 20, 2019, Felix entered guilty pleas in seven cases, including first-degree murder in one of the cases. That same day, in accordance with the terms of the plea, the trial court sentenced Feliz to an aggregate sentence of life in prison without the possibility of parole. Felix did not file a direct appeal.

Subsequently, Felix filed numerous *pro se* filings, including one on April 1, 2020, under co-conspirator Lewis's docket numbers. In that petition, Felix essentially argued that plea counsel rendered ineffective assistance which caused his plea to be unknowingly entered. Thereafter, on June 28, 2021, Felix filed an untimely PCRA petition under the instant docket number. The PCRA court appointed counsel, who requested that the PCRA court treat his previously filed *pro se* documents as a timely filed PCRA petition. The PCRA court ruled that Felix's April 1, 2020 petition, filed in Lewis's case, would be treated as timely filed PCRA petition. Felix's counsel then filed an amended petition, arguing, *inter alia*, that plea counsel was ineffective for failing to advise him that a jury rather than a judge would determine whether he would be sentenced to death if he were convicted of first-degree murder, and furthermore by failing to advise him of the nature of the charges and factual basis of the guilty plea related to the first-degree murder charge. The PCRA court held evidentiary hearings, after which the PCRA court denied Felix's petition. This timely appeal followed.

Felix raises the following questions for our review:

A. Was [plea counsel] ineffective for failing to ensure that [Felix] was advised of the nature of the charge of first-degree murder to which he pleaded guilty and such failure caused [Felix] to plead guilty?

B. Was [plea counsel] ineffective for failing to advise [Felix] of the factual basis of the plea which caused [Felix] to plead guilty?

C. Was [plea counsel] ineffective for failing to advise [Felix] about the nature of the death penalty process and such failure caused [Felix] to plead guilty?

Appellant's Brief at 4.

This Court's standard of review regarding a PCRA court's denial of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *See Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

We will address Felix's first two claims together. Felix contends plea counsel was ineffective for inducing him to enter an unknowing and involuntary guilty plea. *See* Appellant's Brief at 14, 22. Felix asserts he was unaware of the nature of the first-degree murder charge, thereby causing him to enter an involuntary guilty plea. *See id.* at 14, 15-16, 21-22. Specifically, Felix argues he was not afforded an explanation of the elements of first-degree murder, including malice and specific intent to kill. *See id.* at 19-20. Felix argues that plea counsel, at the PCRA hearing, failed to specifically state that he had informed Felix of these elements, testifying instead that he "would have" or was "sure (he) did" mention the elements to Felix. Felix points to

his own testimony at the PCRA hearing which he contends established that he did not understand the nature of the charges. *See id.* at 20-21.

Felix concludes that his underlying claim has arguable merit as plea counsel had no reasonable basis for failing to provide him with the proper information, and he was prejudiced by counsel's failure. *See id.* at 21.

Additionally, Felix argues that plea counsel failed to provide him with the factual basis of the crime related to the first-degree murder charge prior to his entry of the guilty plea. *See id.* at 16, 22, 23, 24. Felix asserts that the PCRA court, in its opinion denying PCRA relief, erroneously cited to his testimony at Lewis's trial to establish the factual basis was presented to Felix. *See id.* at 24. Again, Felix maintains that his underlying claim has arguable merit, counsel had no reasonable basis for failing to provide this information, and he was prejudiced by counsel's failure. *See id.* at 23.

To succeed on an ineffectiveness claim, Felix must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. *See Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). A failure to satisfy any prong of the test for ineffectiveness will require

rejection of the claim. *See Commonwealth v. Montalvo*, 244 A.3d 359, 368

(Pa. 2021).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.
>
> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily[,] and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008)

(citations, brackets, and some quotation marks omitted).

To ensure a voluntary, knowing, and intelligent plea, trial courts are

required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *accord* Pa.R.Crim.P. 590, cmt.

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Bedell*, 954 A.2d at 1212-13 (citations, quotation marks, and ellipses omitted).

During his extensive oral and written guilty plea colloquies, Felix stated that he understood English, did not have any mental health issues, was not under the influence of drugs or alcohol, and was entering the plea of his own free will. *See* N.T., 6/20/19, at 13-14, 23-24; Written Guilty Plea Colloquy, 6/19/19, at 2, 6, 7.[1] Felix stated that he understood the nature of the charges,

_____

[1] We note that Felix completed a written guilty plea colloquy, which detailed the guilty plea he was entering, and a written plea agreement colloquy, which detailed, *inter alia*, that Felix was waiving various rights, including the right to file post-sentence motions, direct appeal, and petition for allowance of appeal.

and the elements of the crimes to which he was pleading guilty. *See* N.T., 6/20/19, at 19; Written Guilty Plea Colloquy, 6/19/19, at 2. Felix also admitted to committing the legal elements making up all of charged crimes, acknowledging that he and Lewis plotted to rob a cell phone store and that he ended up shooting the victim in the face, causing the victim's death. *See* N.T., 6/20/19, at 36; Written Guilty Plea Colloquy, 6/19/19, at 2; *see also* Written Plea Agreement Colloquy, 6/19/19, at 5 (wherein Felix admits that he is guilty of first-degree murder).

Moreover, Felix stated that he understood the permissible range of sentences and fines, and consequently agreed to enter the guilty plea to first-degree murder in exchange for a sentence of life in prison without parole; in return the Commonwealth agreed to not seek the death penalty. *See* N.T., 6/20/19, at 10-11, 31-35; Written Guilty Plea Colloquy, 6/19/19, at 3. Felix also confirmed that he understood the rights he was foregoing by pleading guilty, including the presumption of innocence, the right to a jury trial, and the right to file pretrial motions, and that had he gone to trial, the Commonwealth had to prove each and every element of the charges beyond a reasonable doubt. *See* N.T., 6/20/19, at 16-18, 19. Written Guilty Plea Colloquy, 6/19/19, at 3-5.

Additionally, Felix indicated that no one had forced or threatened him to plead guilty and that he willingly entered the plea. *See* N.T., 6/20/19, at 19. Written Guilty Plea Colloquy, 6/19/19, at 7. Finally, Felix expressed

satisfaction with his plea counsel. *See* N.T., 6/20/19, at 21-22, 29; Written Guilty Plea Colloquy, 6/19/19, at 7. Thereafter, the trial court accepted Felix's guilty plea. *See* N.T., 6/20/19, at 42.

Considering the totality of the circumstances, the record reflects that Felix voluntarily, knowingly, and intelligently tendered his guilty plea. *See Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea). In fact, Felix stated that he understood the nature of the charges he was facing, including first-degree murder. *See* Written Plea Colloquy, 6/19/19, at 2. Furthermore, plea counsel explicitly stated that he explained the elements of first-degree murder to Felix. *See* N.T., 3/22/22, at 16-19. Notably, the PCRA court found Felix's testimony to the contrary to lack credibility. *See* PCRA Court Opinion, 11/8/22, at 10; *see also Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) ("A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts."); *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (noting that appellant could not obtain PCRA relief based upon claims he lied during the plea colloquy).

Moreover, Felix acknowledged the factual basis of the first-degree murder charge, admitting that he shot the victim in the face with a gun. *See*

N.T., 6/20/19, at 36.[2] Therefore, Felix tendered his guilty plea under his own volition, and has not demonstrated prejudice amounting to manifest injustice to justify withdrawing his guilty plea. **See Bedell**, 954 A.2d at 1212; **see also Brown**, 196 A.3d at 150. Based upon the foregoing, we conclude that Felix's ineffectiveness claims are without arguable merit.

In his final claim, Felix contends that his plea counsel was ineffective for failing to inform him of the nature of the death penalty proceedings, including that a jury, not a judge, decides whether a defendant would be sentenced to death. **See** Appellant's Brief at 24, 25-26. Felix argues that counsel's failure to educate him on this process established that he entered an involuntary plea. **See id.** at 25, 26. Felix asserts that plea counsel had no reasonable basis for failing to review this process and that he was prejudiced because he would not have pleaded guilty had he known about this process. **See id.** at 26.

Here, Felix testified that plea counsel advised him that under the death penalty procedure, the judge would give him the death sentence, and never said anything about a jury making this decision. **See** N.T., 6/6/22, at 30, 32, 38-39, 58. Felix also stated that plea counsel said that the death penalty was automatic after a finding of guilt of first-degree murder. **See id.** at 58-59.

---

[2] Although Felix correctly notes that the PCRA court cited to his testimony at Lewis's trial to show he was aware of the factual basis of the guilty plea, **see** PCRA Court Opinion, 11/8/22, at 6-7 (noting that Felix testified at Lewis's trial and admitted to shooting the victim in the face), we do not find error because Felix admitted to these facts at the guilty plea colloquy.

On the other hand, plea counsel testified that he discussed the death penalty procedure with Felix and his mother. *See* N.T., 3/22/22, at 20-21. Plea counsel stated that he informed Felix that if he were convicted of first-degree murder, a second proceeding would take place before a jury. ***See id.*** at 20, 21, 23. Plea counsel also apprised Felix that a unanimous jury would have to find beyond a reasonable doubt that the death penalty was warranted. ***See id.*** at 21, 23.

The PCRA court found Felix's testimony to be not credible, and plea counsel's testimony to be credible. ***See*** PCRA Court Opinion, 11/8/22, at 16. Felix's argument merely asks this Court to reweigh the testimony in his favor; we cannot do so. ***See Johnson***, 966 A.2d at 539. Based upon the PCRA court's finding crediting plea counsel's testimony, Felix fails to establish counsel was ineffective in this regard. ***See Commonwealth v. Reid***, 259 A.3d 395, 411 (Pa. 2021) (concluding that appellant's ineffectiveness claim did not have arguable merit where the PCRA court found counsel's testimony to be credible, which undermined appellant's claim).

In summary, we have reviewed the briefs of the parties, the relevant law, the certified record, and the well-written decisions of the learned trial judge, the Honorable Paula A. Roscioli, dated November 8, 2022, and December 21, 2022. We conclude that there has been no error in this case and affirm the actions of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/2/2023