J-S03045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL WALKER | : | |
| | : | |
| Appellant | : | No. 1248 MDA 2023 |

Appeal from the PCRA Order Entered August 1, 2023
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000332-2022

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: FEBRUARY 29, 2024**

Samuel Walker ("Walker") appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Walker pled guilty to persons not to possess a firearm.  In the instant appeal, Walker contends that his plea counsel was ineffective for failing to file a motion to suppress the search of his vehicle, which resulted in the discovery of a firearm.  After review, we affirm.

On July 30, 2022, Pennsylvania State Police Trooper Hunter Hall was on patrol on Interstate 80 in Lamar Township.  At approximately 5:30 p.m., Trooper Hall observed Walker's vehicle drive over the solid white fog line three separate times over a short distance.  As a result, Trooper Hall initiated a

_____

[1] 42 Pa.C.S. §§ 9541-9546.

traffic stop. Upon approaching Walker, Trooper Hall noticed that Walker's hands were trembling and he was sweating profusely. Trooper Hall asked Walker if he had any drugs or guns in the vehicle, to which Walker responded that he did not. Trooper Hall asked permission to search the trunk of the vehicle. Walker indicated that Trooper Hall could search the inside of the vehicle but not the trunk.

Trooper Hall then explained to Walker that if he had a small amount of marijuana in the vehicle, they could handle such an infraction on the roadside. Walker stated that he had "half of a joint" near the driver's side door. As a result, Trooper Hall decided to detain Walker, but explained to him that he was not under arrest. As Trooper Hall attempted to handcuff Walker, there was a struggle and Trooper Hall and Walker rolled down an embankment. After deploying his taser, Trooper Hall placed Walker in custody.

Trooper Hall had Walker's vehicle towed and impounded. Trooper Hall then sought a nighttime search warrant to "expedite the process" to search Walker's vehicle. A magisterial district judge granted the warrant. Police searched Walker's vehicle and found a firearm in the trunk. The Commonwealth subsequently charged Walker with persons not to possess a firearm, possession of a small amount of marijuana, resisting arrest, and several summary offenses. On January 17, 2023, Walker pled guilty to persons not to possess a firearm in exchange for a sentence of five to ten

years in prison. The trial court accepted the plea and imposed the agreed-upon sentence.

Walker initially filed a direct appeal. While the appeal was pending, however, plea counsel filed a motion to withdraw representation. The trial court granted the motion and appointed current counsel to represent Walker. Walker then withdrew his direct appeal. On March 23, 2023, Walker filed the underlying timely PCRA petition, arguing that plea counsel was ineffective for failing to file a motion to suppress the firearm found in the trunk of his vehicle.

The PCRA court held a hearing, at which Walker and plea counsel provided conflicting testimony as to whether counsel sought to file a motion to suppress. Relevantly, plea counsel testified that Walker instructed him not to file the motion to suppress because he wanted to plead guilty. Following the hearing, the PCRA court denied Walker's petition. Walker timely appealed.

On appeal, Walker raises the following question for our review: "Did [Walker's] prior counsel provide ineffective assistance of counsel to [Walker] for failure to file a Motion to Suppress the illegal nighttime search of [Walker's] vehicle even though [Walker] apparently objected to the filing of such a Motion." Walker's Brief at 5.

"This Court's standard of review regarding a PCRA court's denial of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error." *Commonwealth v. Felix*, 303 A.3d 816, 819 (Pa. Super. 2023). Appellate courts are bound by the PCRA

court's credibility determinations where they are supported by the record. ***Commonwealth v. Rizor***, 304 A.3d 1034, 1058 (Pa. 2023). "With respect to the PCRA court's legal conclusions, we apply a de novo standard of review." ***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

To establish an ineffectiveness claim, a PCRA petitioner must plead and prove, by a preponderance of evidence, that

> (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

***Felix***, 303 A.3d at 819 (citations and quotation marks omitted).

Walker contends plea counsel was ineffective for failing to file a motion to suppress the firearm found in his trunk. Walker's Brief at 9, 11. Walker asserts that his admission that he had a "half a joint" of marijuana in the vehicle does not provide probable cause to justify the search of the vehicle's trunk. ***Id.*** at 10. Walker further claims that the search warrant should not have been authorized because there was no reasonable cause for a nighttime search under Pa.R.Crim.P. 203(E).[2] ***Id.*** at 10-11.

---

[2] Pennsylvania Rule of Criminal Procedure 203(E) states that "[n]o search warrant shall authorize a nighttime search unless the affidavits show reasonable cause for such nighttime search." Pa.R.Crim.P. 203(E). This enhanced justification is based upon "the greater intrusion upon individual privacy occasioned by a nighttime search." ***Commonwealth v. Berkheimer***,
*(Footnote Continued Next Page)*

Walker asserts that counsel had no reasonable basis for failing to file a motion to suppress, noting that counsel's explanation that Walker told him not to file the motion was not credible as Walker had no legal training and could not have made such a judgment. *Id.* at 11-12. Walker highlights that counsel recognized the illegality of the search but failed to file a suppression motion. *Id.* at 12. He concludes that he was prejudiced by counsel's failure, as if the illegal search had been suppressed, there would be no basis for his conviction or sentence. *Id.*

"[T]he decision to litigate, or not litigate, suppression motions is left to counsel in the exercise of his or her professional judgment." *Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018). Therefore, "where counsel fails to file a suppression motion, a prejudice analysis is unnecessary so long as there was a reasonable strategic basis for failing to file the motion." *Id.*

Here, plea counsel testified that he informed Walker that a motion to suppress should be filed in this case, but that Walker wanted to plead guilty and go to prison for the maximum period. *See* N.T., 7/7/23, at 7-8, 12, 14-

---

57 A.3d 171, 179 (Pa. Super. 2012) (en banc) (citation omitted). "This enhanced burden on an individual's privacy, however, is not implicated when the subject is in police custody." *Commonwealth v. Johnson*, 160 A.3d 127, 142 (Pa. 2017). Nonetheless, "probable cause is required for the issuance of a search warrant authorizing a daytime or nighttime search." *Berkheimer*, 57 A.3d at 179 (citation omitted).

15, 16, 31-32, 34-35. Based upon Walker's statements, plea counsel had a competency evaluation conducted, which found Walker to be competent. *Id.* at 8-9, 14-15. Thereafter, plea counsel reiterated that Walker should file a motion to suppression, and Walker again informed counsel that he wanted to plead guilty and serve the maximum sentence. *Id.* at 9. Plea counsel noted that he could not ethically do something that Walker did not authorize in relation to the motion to suppress. *Id.* at 14, 16, 36.

Conversely, Walker testified that plea counsel did not inform him about the suppression issue and only stated he could get him out of prison. *Id.* at 22; *but see id.* at 32 (wherein plea counsel rebutted Walker's testimony that he never spoke to Walker about filing a motion to suppress). Walker indicated he entered the plea because he wanted maximum punishment, and he did not want to be on probation or parole because he did not want to be involved in that system. *Id.* at 25-26. Walker acknowledged that as part of his plea, he was foregoing the right to file pretrial motions. *Id.* at 27. Walker further stated that after sentencing, he sought to withdraw his plea, but counsel indicated that there was no basis to file such a motion. *Id.* at 28-29. Walker admitted that he was not happy in prison because he had been placed on suicide watch for five and a half months, did not shower for three months, and was only let out of his cell five times. *Id.* at 22-24, 29.

The PCRA court found plea counsel's testimony credible. *See* PCRA Court Opinion, 8/1/2023, at 6-7; *see also Rizor*, 304 A.3d at 1058. Based

upon the credible evidence, plea counsel had a reasonable strategic basis for not filing the motion to suppress — namely, Walker's insistence that he not do so because he wanted to plead guilty. *See Commonwealth v. Chmiel*, 889 A.2d 501, 546 (Pa. 2005) (concluding that counsel was not ineffective for failing to call a witness where the defendant instructed counsel not to call the witness); *Johnson*, 179 A.3d at 1160 (noting that "[t]he decision to enter a guilty plea is one of the fundamental decisions that must be decided by the criminal defendant"); *see also* Pa.R.P.C. 1.2(a) (stating that "a lawyer shall abide by a client's decisions concerning the objectives of representation" and "[i]n a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered").

Moreover, Walker fails to address his binding statements made during his guilty plea colloquy, including that he explicitly understood that he was giving up his right to file any pretrial motions by pleading guilty. *See* Written Plea Colloquy, 1/17/2023, at 4 (wherein Walker acknowledges he was waiving his right to file pretrial motions, including "a motion to prevent the Commonwealth from presenting improperly obtained evidence"); *see also* N.T., 7/7/2023, at 27 (wherein Walker stated at the PCRA hearing that he understood that by pleading guilty, he had no right to file pretrial motions). It is well settled that "a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict

statements made when he entered the plea." ***Felix***, 303 A.3d at 821 (citation omitted).[3]

The PCRA court's finding that Walker declined plea counsel's recommendation that a suppression motion be filed and tendered his guilty plea under his own volition is supported by the record. Therefore, Walker has not established by a preponderance of the evidence that plea counsel was ineffective. ***See Felix***, 303 A.3d at 821-22; ***Johnson***, 179 A.3d at 1160. Accordingly, we conclude that Walker's ineffectiveness claim is without merit and the PCRA court properly denied his PCRA petition.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/29/2024

_____

[3] Walker makes no assertion that plea counsel's ineffectiveness in failing to file the suppression motion caused him to enter an unknowing negotiated plea. ***See Johnson***, 179 A.3d at 1159 ("The defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation omitted).