J-S20024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE A RAYMOND JR. | : | |
| | : | |
| Appellant | : | No. 45 MDA 2023 |

Appeal from the PCRA Order Entered December 21, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000514-2019

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: JULY 2, 2024**

George A. Raymond, Jr. appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: On October 18, 2019, Raymond entered a plea of guilty to escape and simple assault. On December 19, 2019, the trial court sentenced Raymond to an aggregate term of two to four years of imprisonment. Thereafter, Raymond filed a post-sentence motion, which the trial court denied. Raymond appealed. On February 9, 2021, we granted counsel's petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and affirmed Raymond's

---

[*] Former Justice specially assigned to the Superior Court.

judgment of sentence. ***Commonwealth v. Raymond***, 249 A.3d 1138 (Pa. Super. 2021)(non-precedential decision).

Raymond did not file a timely petition for allowance of appeal to the Supreme Court of Pennsylvania. Instead, four months later, on June 14, 2021, he filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc*. By order dated October 5, 2021, our Supreme Court denied Raymond's petition.

On August 29, 2022, Raymond filed a counseled PCRA petition. The Commonwealth filed a response. On November 17, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Raymond's petition without a hearing. Raymond did not file a response. By order entered December 21, 2022, the PCRA court dismissed the petition as meritless. This timely appeal followed. Both Raymond and the PCRA court complied with Pa.R.A.P. 1925.

Raymond raises the following issues on appeal:

1. Did [Raymond] have ineffective assistance of counsel from [trial counsel]?

2. Was the plea of [Raymond] not knowing nor voluntary?

Raymond's Brief at 5.

Before addressing these issues, however, we first determine whether Raymond's PCRA petition was timely filed. In his counseled PCRA petition, Raymond asserted that his petition was timely because it was filed within one year of the date our Supreme Court denied his petition for allowance of appeal

*nunc pro tunc*.  In its response, the Commonwealth did not question the timeliness of Raymond's petition,[1] and PCRA court addressed Raymond's substantive claims and found them to be without merit.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).  Thus, this Court may raise the timeliness issue *sua sponte*.  ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000).  Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows:  "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."  ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).  In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).  Moreover, a PCRA petition invoking one of these statutory exceptions must be

_____

[1] The Commonwealth does raise the timeliness issue in its appellate brief.

filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Raymond's judgment of sentence became final on March 11, 2021, thirty days after this Court affirmed his judgment of sentence and **the time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired**. **See** 42 Pa.C.S.A. § 9545(b)(3). Raymond did not file his petition for allowance of appeal before the thirty-day period expired. Raymond's late filing of a petition for allowance of appeal *nunc pro tunc*, and its denial, does not alter the finality of his sentence. **See Hutchins**, 760 A.2d at 54 (holding that the untimely filing of a petition for allowance of appeal, and its denial, "does not operate to circumvent the clear and unambiguous language contained in Section 9543(b)(3) by altering the date on which [the appellant's judgment of sentence] became final").

Therefore, Raymond had until March 11, 2022, to file a timely petition. Because Raymond filed the petition at issue in August 2022, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Raymond has failed to acknowledge the untimeliness of his petition, let alone plead and prove any exception to the PCRA's time bar. Because Raymond's petition is untimely, the PCRA court lacked jurisdiction to consider its merits. **Derrickson**, *supra*. Although the PCRA court denied the petition on grounds other than untimeliness, this Court may affirm the decision of the PCRA court if is correct on any basis. **Hutchins**, 760 A.2d at 55 (citations omitted). We therefore affirm the PCRA court's order denying Raymond post-conviction relief.[2]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/02/2024

---

[2] Had Raymond's PCRA petition been timely, we would still affirm the denial of post-conviction relief. Raymond previously litigated the voluntariness of his guilty plea in his direct appeal. 42 Pa.C.S.A. § 9544(a). A review of the oral and written guilty plea colloquies refutes his substantive ineffectiveness claim. **See generally Commonwealth v. Felix**, 303 A.3d 816 (Pa. Super. 2023).