J-S26038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES CHRIST STANCAVAGE | : | |
| Appellant | : | No. 1724 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 13, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0001061-2020

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　　　　**FILED: SEPTEMBER 4, 2024**

James Christ Stancavage appeals from the judgment of sentence entered after he pled *nolo contendere* to possession of drug paraphernalia, possession of a small amount of marijuana, and driving under the influence of alcohol or a controlled substance.[1]  We affirm.

On July 28, 2020, police conducted a traffic stop of Stancavage, who showed signs of intoxication.  His car contained marijuana and plastic baggies.  The police filed a criminal complaint the next day.  The charges were waived for court.  Before the trial court, Stancavage filed a motion to suppress evidence, a motion for a writ of *habeas corpus*, and a motion to dismiss under Pennsylvania Rule of Criminal Procedure 600.  The trial court denied these pretrial motions.

---

[1] 35 P.S. § 780-113(a)(32), (a)(31)(i); 75 Pa.C.S. § 3802(a)(1).

Stancavage entered a negotiated *nolo contendere* plea to the above crimes on November 13, 2023. The trial court sentenced Stancavage to an aggregate term of one year of probation and a fine.

On November 27, 2023, Stancavage filed a motion for leave to withdraw his *nolo contendere* plea. He set out the procedural history and stated that Stancavage "expressed a desire to withdraw the aforementioned *nolo contendere* plea and proceed to trial in this case." Motion, 11/27/23. The trial court denied the motion without a hearing on December 11, 2023.

Stancavage timely appealed.[2] Stancavage and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Stancavage challenges the denial of his pretrial motions and of his post-sentence motion to withdraw his plea.

As to the pretrial matters, Stancavage asserts that the trial court did not adequately weigh the appropriate standards or articulate reasons for denying his (1) Rule 600 motion, (2) suppression motion, and (3) motion for writ of *habeas corpus*. Stancavage argues that he preserved these issues by filing pretrial motions and by indicating during his written plea colloquy "that he was not waiving any issue(s) for appeal." Specifically, Stancavage wrote "yes" in response to the following questions:

---

[2] Stancavage purported to appeal from orders dated November 13, 2023 (his sentence) and December 11, 2023 (the denial of his withdrawal motion). He also lists other orders on the cover of his brief. Because an appeal lies only from the judgment of sentence, we have amended the caption accordingly. ***Commonwealth v. Knupp***, 290 A.3d 759, 766 n.4 (Pa. Super. 2023).

(28) Do you understand that by pleading, you do **not waive** your right to file a Post Sentence Motion with the Court or an appeal to a higher Court?

(29) Do you understand that a Post Sentence Motion must be filed within ten (10) days of sentencing & may include a motion to modify sentence & motions challenging the validity of your plea, legality of your sentence, denial of your motion to withdraw your plea or challenging the jurisdiction of the Court. Any appeal must be filed within thirty (30) days of the denial of your Post Sentence Motion?

(30) Do you understand that by pleading guilty/nolo contendere, you **Do Not Waive** your right to file an appeal to a higher court?

Petition for Entry of a Guilty/Nolo Contendere Plea, 11/13/23, at 4 (emphasis in original).

Despite his answers to these questions, Stancavage has waived appellate review of these pretrial matters. "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." **Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007) (citation omitted). We treat a *nolo contendere* plea the same as a guilty plea to assess whether a defendant has waived appellate review of issues. **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa. Super. 2018).

Notably, our courts allow for "conditional plea agreements," in which defendants reserve the right to appeal pretrial issues that would otherwise be waived by pleading guilty. **See, e.g.**, **Commonwealth v. Singleton**, 169 A.3d 79, 81–82 (Pa. Super. 2017). If a trial court accepts a conditional plea

- 3 -

agreement reserving the right to appeal a pretrial issue, we can reach the merits of that issue. *Id.* at 82.

Here, Stancavage's written plea colloquy form shows that Stancavage understood that he had a right to appeal. However, the form does not state that Stancavage was reserving the right to appeal any issue that would otherwise be waived by entering a *nolo contendere* plea. Moreover, the transcript of Stancavage's plea hearing does not include any reservation of the right to challenge pretrial matters on appeal or the trial court's acceptance of any conditions to Stancavage's plea. Stancavage's pretrial claims are thus "beyond our scope of review." *Jabbie*, 200 A.3d at 505 n.1.

As to the denial of Stancavage's post-sentence motion to withdraw his plea, we apply the following standard:

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. A defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Id.* at 505 (brackets, ellipsis, and citation omitted). Disappointment in the sentence imposed after the entry of a plea "does not constitute 'manifest

injustice.'" ***Commonwealth v. Felix***, 303 A.3d 816, 820 (Pa. Super. 2023). Furthermore, a defendant is bound by the statements he makes during a plea colloquy and may not assert contradictory grounds for withdrawing the plea. ***Jabbie***, 200 A.3d at 506.

Here, in his motion for leave to withdraw his plea, Stancavage stated only that he "expressed a desire to withdraw the aforementioned *nolo contendere* plea and proceed to trial in this case." Motion, 11/27/23. He did not assert any "manifest injustice" or challenge the validity of his plea. The written colloquy form and the plea hearing transcript demonstrate that Stancavage entered a knowing, intelligent, and voluntary plea. In his appellate brief, Stancavage has not suggested how a hearing would prove anything other than dissatisfaction with his sentence. In sum, Stancavage has not shown how the trial court abused its discretion by denying his post-sentence motion to withdraw his *nolo contendere* plea. This claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/04/2024

- 5 -