J-S31035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUCAS JOSEPH CABASSA | : | |
| | : | |
| Appellant | : | No. 2603 EDA 2023 |

Appeal from the PCRA Order Entered September 8, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002799-2013

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED NOVEMBER 13, 2024**

Lucas Joseph Cabassa ("Cabassa") appeals from the order entered by the Northampton County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  In the instant appeal, Cabassa contends that his trial counsel was ineffective for failing to raise the **Stewart** defense at trial.[2]  Because we find no error in the PCRA court's findings, we affirm the order denying Cabassa's PCRA petition.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] In **Commonwealth v. Stewart**, 394 A.2d 968, 971 (Pa. 1978), our Supreme Court allowed the introduction of evidence of prior acts of the victim or of a group the victim is a member to be used to confirm a defendant's knowledge of the violent character of the group or victim to establish that the defendant had reasonable belief of his life being in danger.

On June 1, 2013, Cabassa, then seventeen years old, and three of his friends, Jonathan "Big John" Martinez, Zach Oritz, and Edwin "Boobie" Rodriquez, spent the day together drinking, smoking marijuana, taking Xanax pills, playing video games, swimming in the Saucon Creek, and playing basketball. During the day, Cabassa also showed his friends a .22 caliber revolver he had obtained. At approximately 2:30 a.m. on June 2, 2013, the group gathered around an electric junction box on Argus Circle in Bethlehem, Pennsylvania, where Jose Reyes ("Reyes") joined them.

Cabassa and his friends started to make fun of Reyes, and Reyes started to leave for his grandparents' house. "Big John" called him back to the group and, when Reyes returned, "Boobie" punched Reyes. "Big John" then punched Reyes, knocking him to the ground, and started kicking him. Cabassa initially offered Reyes a hand to stand up, but instead punched Reyes. Reyes' grandparents came outside, and Cabassa and his friends ran away.

Reyes smoked a cigarette outside, during which Joseph Rodriguez ("Rodriguez") and some other men approached, and he explained to them what had just transpired. As Rodriguez and the other men were leaving, they ran into Cabassa and his friends. Rodriguez confronted "Big John," and then hit him despite the fact Big John was much larger than him. While "Big John" was fighting with Rodriguez, Reyes started fighting with "Boobie." After "Big John" hit Rodriguez a few times, Cabassa fired a single shot at Rodriguez, striking him in the right temple. Cabassa and his friends then fled.

Police arrived shortly after the shooting, finding Rodriguez still alive, face down in the grass. Shortly thereafter, Rodriguez died in the hospital. Police eventually arrested Cabassa.

The case proceeded to a jury trial, at which Cabassa claimed self-defense and defense of others based upon his belief that Rodriguez and the men he was with were members of the Latin Kings, a violent street gang. Ultimately, the jury found Cabassa guilty of first-degree murder and possession of a firearm by a minor. Separately, Cabassa pled guilty to one count of persons not to possess a firearm. The trial court sentenced him to an aggregate term of fifty-one years to life in prison.

Cabassa appealed his judgment of sentence, and this Court affirmed in part and vacated in part. **See Commonwealth v. Cabassa**, 739 EDA 2015, 2016 WL 1408224 (Pa. Super. Apr. 11, 2016) (non-precedential decision), *appeal denied*, 145 A.3d 723 (Pa. 2016). Specifically, this Court found the trial court imposed an illegal sentence on the persons not to possess firearms charge and remanded for resentencing. On December 2, 2016, the trial court resentenced Cabassa to an aggregate term of forty-eight years to life in prison. Cabassa did not file a post-sentence motion or appeal after resentencing.

On January 4, 2018, Cabassa filed a timely pro se PCRA petition.[3] The PCRA court appointed Cabassa counsel, who filed a supplemental PCRA petition, raising multiple claims of ineffective assistance of counsel and violations of his due process rights. The Covid-19 pandemic delayed the scheduling of an evidentiary hearing on the petition, which was ultimately held on February 8, 2022. At the hearing, both Cabassa and his trial counsel, Attorney Steven Mills, testified.

The PCRA court denied Cabassa's request for relief and this timely appeal followed. Cabassa raises the following question for our review: "Whether trial counsel was ineffective for failing to present the claim that Cabassa was a scared juvenile confronted with a violent gang of adults at the time of the shooting?" Cabassa's Brief at 7.

"This Court's standard of review regarding a PCRA court's denial of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error." *Commonwealth v. Felix*, 303 A.3d 816, 819 (Pa. Super. 2023). "An appellate court cannot substitute its judgment for that of the finder of fact." *Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013). "With respect to the PCRA court's legal

---

[3] Cabassa mailed his PCRA petition on December 29, 2017, rendering it timely. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (noting that under the "prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prisoner authorities or places it in the prison mailbox).

conclusions, we apply a de novo standard of review." ***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

To establish a claim for ineffective assistance of counsel, a PCRA petitioner must plead and prove, by a preponderance of evidence, that

> (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

***Felix***, 303 A.3d at 819 (citations and quotation marks omitted). "The failure to satisfy any one of the ineffectiveness prongs precludes relief." ***Commonwealth v. Drayton***, 313 A.3d 954, 960 (Pa. 2024) (citation omitted).

Cabassa argues that Attorney Mills was ineffective for failing to present the ***Stewart*** defense, as he contends the evidence would have supported a finding that Cabassa was a scared juvenile confronted with a violent gang of adults at the time of the shooting. Cabassa's Brief at 7, 8-10, 12. Cabassa baldly asserts that his underlying claim has arguable merit, contending that the PCRA court failed to consider the totality of the evidence as required. ***Id.*** at 7, 8. He maintains that Attorney Mills did not have a reasonable basis to present the ***Stewart*** defense, as Attorney Mills testified to being familiar with the ***Stewart*** case at the evidentiary hearing; because Cabassa was justifiably afraid of the Latin Kings, he thus reasonably feared for his life and that of his friend, Big John. ***Id.*** at 8-9, 12. He further contends that Attorney Mills'

failure to raise the **Stewart** defense subjected Cabassa to prejudice as the evidence, contending that the defense would have established his and Big John's lives were in danger. **Id.** at 9-12.[4]

We have reviewed Cabassa's arguments and conclude that he fails to establish that his underlying claim has arguable merit. Although Cabassa states that the PCRA court did not reweigh or consider the totality of the evidence, he fails to provide any analysis regarding the applicability of the **Stewart** defense claim. **See** Pa.R.A.P. 2119(a) (noting that argument must contain "such discussion and citation of authorities as are deemed pertinent"). Most notably, Cabassa does not address this Court's previous ruling that Cabassa was not entitled to a self-defense or defense of others claim:

> Cabassa was a minor in possession of a firearm, meaning Cabassa was in possession of an illegal firearm, and Rodriquez never displayed or otherwise used a firearm or any other purportedly lethal weapon. Because Cabassa was not allowed to defend himself with an illegal firearm, nor use lethal force against a person who did not visibly possess a lethal weapon, it appears he was not entitled to so defend "Big John."

**Cabassa**, 2016 WL 1408224 at fn. 9.

---

[4] We note that Cabassa raises different ineffectiveness claims in his reply brief. Specifically, he argues that Attorney Mills failed to argue that the victim's text messages should be admitted at trial, object to jury instructions, and investigate and call witnesses. **See** Cabassa's Reply Brief at 8, 11, 12. It is well settled that "[a] claim is waived if it is raised for the first time in a reply brief." **Commonwealth v. Collins**, 957 A.2d 237, 259 (Pa. 2008) (citation omitted).

Moreover, Attorney Mills testified that he did, in fact, attempt to introduce evidence regarding the violent nature of Rodriguez and the men he was with through text messages, and even went so far as to try and find the person who received the text messages with a private investigator. N.T., 2/8/2022, at 11, 12. The trial court, however, precluded the admission of this evidence, and this Court affirmed the decision to exclude this evidence on appeal. *Id.* at 11, 28. The law is clear that an attorney cannot be deemed to have provided ineffective assistance under these circumstances. *Commonwealth v. Douglas*, 645 A.2d 226, 231 (Pa. 1994) (stating that a trial judge refusing to admit evidence does not create an ineffective assistance claim if attempting to introduce the evidence seems to be a reasonable strategic choice based on the circumstances).

Cabassa also fails to establish that Attorney Mills did not have a reasonable basis for not raising a *Stewart* defense. The record reflects Attorney Mills testified that he did not believe it would be wise to present evidence regarding violent gangs at trial because Cabassa testified at trial that he was a member of the Bloods, a separate gang. N.T., 2/8/2022, at 30, 31. Cabassa also testified that both the Latin Kings and the Bloods have a reputation for violence. *Id.* at 48, 49. Plainly, Attorney Mills made a strategic choice in attempting to prevent the introduction of Cabassa's own violent history at the expense of the history of the Latin Kings. We cannot conclude that Attorney Mills' choice was unreasonable. *Commonwealth v. Johnson*,

289 A.3d 959, 979 (Pa. 2023) (citations and quotations omitted) (holding that a claim of ineffectiveness will not succeed in comparing alternative trial strategies).

Finally, Cabassa does not establish prejudice. As noted above, Cabassa fails to show that he was entitled to present a justification defense. **See** **Cabassa**, 2016 WL 1408224 at *3, n.9. Cabassa restates that his knowledge of the Latin Kings' violent nature should have allowed him to raise a **Stewart** defense, without demonstrating there is a reasonable probability that the outcome would have been different had the evidence been presented at trial. **See Commonwealth v. Reid**, 259 A.3d 395, 405 (Pa. 2021) (stating that a showing of prejudice must demonstrate that there is "a reasonable probability that for counsel's act or omission, the outcome of the proceeding would have been different.") (citations and quotation marks omitted). Therefore, we conclude that Attorney Mills was not ineffective for failing to raise the **Stewart** defense.

Cabassa also states that Attorney Mills was ineffective for failing to introduce the victim's conviction for resisting arrest, a crime of violence, to show that Cabassa had reasonable fear of danger. Cabassa's Brief at 12. Cabassa fails to address the three prongs of the ineffectiveness test in relation to this claim; therefore, his claim fails. **See Commonwealth v. Spotz**, 18 A.3d 244, 282 (Pa. 2011) (concluding that where the appellant fails "to set forth all three prongs of the ineffectiveness test and [to] meaningfully discuss

them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development") (citation omitted).

Accordingly, the PCRA court did not err in denying his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2024