**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID MARK SHILALA | : | |
| | : | |
| Appellant | : | No. 1327 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 9, 2023
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000501-2023

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 24, 2025**

David Mark Shilala appeals from the judgment of sentence of six months to twenty-four months of imprisonment that was imposed pursuant to a negotiated guilty plea to promoting prostitution, graded as a second degree misdemeanor.  We affirm.

We glean the pertinent facts from the criminal complaint and affidavit of probable cause.  On December 30, 2022, DuBois Police Officer Casey G. Doherty encountered Appellant while investigating the drug overdose death of Monica Carlins.  Appellant had reported the overdose using his mobile telephone, and a subsequent search of the victim's telephone pursuant to a search warrant revealed that on December 27, 2022, Appellant used his phone's messaging application to proposition Ms. Carlins to perform oral sex on a third party in return for "whatever you want[;] money or dope or

what[ever.]" Criminal Complaint, 1/26/23, at AOPC Form 411C. The message continued,

> [A]ll my buddy Jim Riley wants before he dies is a blow job and every bitch I know that would do it for money is in jail or dead. [Pl]ease think about it. I will pay whatever and I'm sure there will be more in it for you from Jim. He likes you and he just wants to hang out with a few girls before he dies. . . . He's not got much longer to live and could be gone tonight. Also, I know he gets . . . morphine. The drinkable stuff. . . . 2 [mL] equals [a] 500 mg pill. Please let me know very soon. If your [sic] not interested and know someone [else], let me know.

*Id*. (cleaned up) (punctuation added).

The Commonwealth charged Appellant with one count each of promoting prostitution/encouraging another to become a prostitute graded as a felony, promoting prostitution/procuring a prostitute for a patron graded as a second degree misdemeanor, and criminal use of a communication facility. Represented by counsel, Appellant executed a written negotiated guilty plea to misdemeanor promoting prostitution. As part of that accord, the Commonwealth withdrew the two remaining offenses and requested that the trial court impose the agreed-upon minimum sentence of six month's imprisonment, which is below the mitigated range of the sentencing guidelines in light of Appellant's prior record score and offense gravity scores. The agreement explicitly reserved the maximum term of imprisonment to the discretion of the trial court. Following an oral colloquy, which confirmed Appellant's understanding of his sentencing exposure, the trial court found that Appellant was entering the plea knowingly, intelligently, and voluntarily,

and accepted the terms of the negotiated plea agreement. The court deferred sentencing for a presentence investigation ("PSI") report.

At the outset of the ensuing sentencing proceeding, Appellant's counsel requested that the trial court consider a county sentence and stated that in entering the plea, Appellant "had no recollection this could possibly be a state sentence, which is the recommendation" that the adult probation department made in the PSI report.[1] N.T. Sentencing, 10/9/23, at 2-3, 4. Counsel moved to withdraw Appellant's guilty plea "given his misunderstanding." *Id*. at 3. The trial court did not immediately deny the request, at least not expressly. Rather, it confirmed that: (1) the Commonwealth did not promise Appellant a county sentence as part of the plea negotiations; (2) the county probation department recommended a state sentence, and (3) it was not bound by that recommendation. *Id*. at 4. Then, upon noting that Appellant was also subject to state imprisonment due to a probation revocation in neighboring Jefferson County, the court imposed the above-stated sentence.[2] *Id*. at 6. Thereafter,

_____

[1] The probation department recommended a maximum sentence of two years of incarceration at SCI-Smithfield. Pursuant to 42 Pa.C.S. § 9762, except upon findings that do not apply to this case, a person serving a maximum term of imprisonment of two years or more must be committed to state prison.

[2] The trial court subsequently explained the relevance of the Jefferson County parole violation as follows:

> All right. Now, look I think the most likely scenario with [Appellant] is [the Jefferson County court] is probably going to revoke him and probably going to give him a state sentence

*(Footnote Continued Next Page)*

- 3 -

Appellant reiterated, " I want to go to trial on this, Your Honor," and the court responded, "Obviously, I did not allow him to withdraw his plea since he had undergone a full colloquy." *Id*.at 8.

This timely appeal followed. Counsel filed a concise statement of errors raising one issue that he reiterates on appeal as follows: "Did the trial court err and/or otherwise abuse its discretion in denying Appellant's sentencing request to withdraw his guilty plea?" Appellant's brief at 6.[3] In lieu of an appellee brief, the Commonwealth adopted the trial court's rationale as its own.

We must determine whether the trial court abused its discretion in denying Appellant's presentence motion to withdraw the guilty plea. *See Commonwealth v. Torres*, 327 A.3d 640, 647 (Pa.Super. 2024). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or

_____

anyway. So, really, if I'm sentencing him [to] state, then that's giving [the Jefferson County court] a heads up on that[. I]t's going to get [Appellant] to state sooner rather than later, and I think it also gives defense counsel in Jefferson County an opportunity to argue to [that court] . . . ["]listen, . . . Clearfield County already took care of this, please, you know, go easy, go light on my client.["] It might end up being to his advantage.

N.T. Sentencing, 10/9/23, at 9-10.

[3] Due to confusion arising from Appellant mailing several hand-written documents to the trial court, counsel initially failed to satisfy 1925(b). However, counsel subsequently complied with our order directing him to counsel to file the Rule 1925(b) order with the trial court *nunc pro tunc*.

misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." ***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (cleaned up). In the framework of a presentence request for withdrawal, the trial court's "discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015).

We typically review presentence requests to withdraw in the context of an actual claim of innocence. However, we have held that "[w]hile an assertion of actual innocence constitutes a fair and just reason to permit a defendant to withdraw his plea, it is not the only fair and just reason that would warrant a trial court to permit a defendant to withdraw a guilty plea." ***Commonwealth v. Elia***, 83 A.3d 254, 263–64 (Pa.Super. 2013) (finding fair and just reasons where defendant felt counsel bullied him into plea, believed the evidence was insufficient, and desired to challenge that evidence at trial).

Insofar as the Commonwealth has not asserted any potential prejudice, our review focuses on Appellant's contention that he "did not understand there was [a] possibility of a state sentence at the time he agreed to the plea." Appellant's brief at 12. In fact, Appellant maintains that "he was under the

impression [that] the sentence he was pleading to would involve a county sentence."[4] *Id*. at 13.

In rejecting Appellant's presentence request to withdraw the guilty plea, the trial court outlined the written plea agreement and the oral and written guilty plea colloquies, highlighting the fact that Appellant avowed his understanding of the permissible ranges of his sentence and confirmed his total sentencing exposure—including the maximum sentence. *See* Trial Court Opinion, 6/3/24, at 3. Overall, the court found that based on the "comprehensive nature of the negotiated agreement and [respective] guilty plea colloqu[ies,] "it [was] highly improbable that [Appellant] was unaware of the possibility of a state sentence[.]" *Id*.

In setting forth its statement of rationale, the trial court wrongly discussed the more stringent "manifest injustice" standard applicable to post-sentence requests to withdraw.[5] *See* Trial Court Opinion, 6/3/24, at 3.

_____

[4] Inasmuch as Appellant contends that he did not understand his plea agreement "because he did not have representation at criminal call [of the list] or pretrial conferences," that argument is not persuasive. *See* Appellant's brief at 13. Plainly, Appellant's purported confusion in relation to the preliminary proceedings has no bearing on his subsequent ability to negotiate the guilty plea agreement with the assistance of court-appointed counsel. Moreover, to the extent that Appellant's instant assertions implicate current counsel's potential ineffective assistance, he must defer that issue to collateral review pursuant to the Post-Conviction Relief Act.

[5] In contrast to the liberally allowed presentence request to withdraw a guilty plea, a post-sentence request must demonstrate manifest injustice, which occurs when the plea is not tendered knowingly, intelligently, voluntarily, and
*(Footnote Continued Next Page)*

Nevertheless, as the trial court accurately highlighted, the certified record belies Appellant's stated expectation of a county sentence. As we may affirm the trial court's determination based upon any reason supported by the record, for the reasons outlined *infra*, we concluded that Appellant failed to set forth a fair and just reason in support of his presentence request to withdraw the guilty plea. *See Elia*, 83 A.3d at 264 ("an appellate court may affirm a valid judgment based upon any reason appearing in the record.").

As previously noted, Appellant executed both a written negotiated plea agreement and a written guilty plea colloquy. The face of the written agreement reveals that Appellant was pleading guilty to one count of promoting prostitution, graded as a second degree misdemeanor, and that the maximum penalty was two years imprisonment and a $5,000 fine. *See* Guilty Plea, 8/9/13, at 1. The document, which was signed by Appellant and his counsel, not only set forth the six-month minimum term of incarceration, but further indicated the trial court would determine the maximum sentence. *Id*. at 2. Similarly, the written guilty plea colloquy confirmed Appellant's understanding of both "the maximum penalty that [he] could receive for each charge" and "the permissible range of sentences . . . that may be imposed[.]"

---

understandingly. *See Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa.Super. 2023). Appellant frames his argument as concerning whether his guilty plea was voluntary. *See* Appellant's brief at 9, 11-12. However, as discussed in the body of this memorandum, he need only demonstrate that he presented a fair and just reason to support the presentence request.

Written Guilty Plea Colloquy at ¶¶ 21, 22 (unnecessary capitalization omitted). Critically, Appellant also specifically acknowledged that "the place of incarceration, either county jail or state prison, is solely within the discretion of the Sentencing Judge and that [he was] **given no guarantees as to the place of incarceration**[.]" *Id*. at ¶ 27 (emphasis added).

Furthermore, at the oral colloquy, before accepting the guilty plea, the trial court confirmed that Appellant had reviewed the plea agreement and written plea colloquy, that he understood the terms of agreement and the questions in the written colloquy, and that he did not "have any questions about any portion of the plea agreement or [written] guilty plea colloquy[.]" N.T. Guilty Plea, 8/9/23, at 5. Once more, Appellant acknowledged his awareness of his sentencing exposure. *Id*. at 7.

The foregoing discussion supports the trial court's decision to deny Appellant's request to withdraw his guilty plea. Although a presentence request to withdraw is liberally granted upon the demonstration of a fair and just reason, the certified record simply belies Appellant's assertion that he believed that he would receive a county sentence. Appellant repeatedly confirmed his appreciation of the permissible range of sentences that the court could impose, including the two-year maximum sentence. More importantly, contrary to Appellant's eleventh-hour assertion that he was not advised about the possibility of a state sentence, the written plea colloquy clearly informed him that the decision concerning whether he served the sentence in "county

jail or state prison" was **entirely** within the sentencing court's discretion and that he was not entitled to any particular place of incarceration. ***See*** Written Guilty Plea Colloquy at ¶27. Appellant noted his understanding of this reality by circling "YES" in confirmation of the corresponding statement of the court's authority and placed his initials at the bottom of the page. ***Id***. at 4. On this record, we agree with the trial court's determination that Appellant failed to set forth a plausible claim that he believed that he would receive a county sentence. Accordingly, we observe no abuse in the court's exercise of its discretion in this regard.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/24/2025