J-S19026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANDREW NATHANIEL BINGHAM | : | |
| Appellant | : | No. 1490 MDA 2023 |

Appeal from the PCRA Order Entered October 12, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001380-2021

BEFORE: DUBOW, J., BECK, J., and COLINS, J.*

MEMORANDUM BY BECK, J.:                    **FILED: JULY 19, 2024**

Andrew Nathan Bingham ("Bingham") appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Bingham's counsel, Matthew P. Kelly ("Counsel"), has filed a petition to withdraw representation and a brief in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc). After review, we grant Counsel's petition to withdraw and affirm the order denying Bingham's PCRA petition.

Bingham, an inmate at a state correctional facility, assaulted two correctional officers. The Commonwealth charged Bingham with aggravated

---

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

assault and aggravated harassment by a prisoner.[2]  Bingham agreed to enter a guilty plea to aggravated assault in exchange for the dismissal of the remaining count and an agreement that his sentence would run concurrently to the one he was already serving.

At the plea hearing, Bingham's plea counsel indicated that the Commonwealth had agreed with Bingham's request that a television confiscated following the assault would be returned following the entry of his plea.  Plea counsel acknowledged on the record, however, that the trial court had no power to direct the Department of Corrections to return the television. The trial court emphasized, on the record and in Bingham's presence, that the Department of Corrections would decide whether to return the television. During Bingham's subsequent plea colloquy, he indicated that he reviewed with counsel the terms of the plea, which did not include the return of the television, and that counsel had answered his questions.  Bingham also indicated that he understood the nature of the charges, the factual basis for the plea, the rights he was foregoing by entering the plea, the sentencing ranges, and that the trial court was not bound by any plea agreement. Ultimately, the trial court accepted the guilty plea and deferred sentencing.

---

[2]  18 Pa.C.S. §§ 2702(a)(3), 2703.1.

At sentencing,[3] Bingham appeared via video and orally sought to withdraw his guilty plea, as he believed that his plea agreement included a commitment from the Department of Corrections to return the television. The trial court denied Bingham's oral motion to withdraw the plea, finding the return of the television was not a material condition of the plea. Subsequently, Bingham became disruptive and ultimately disconnected himself from the video conference. The trial court sentenced Bingham in absentia to thirty to sixty months in prison, to be served concurrently with any other sentence he was then-serving. The trial court did not award credit for time served. Bingham appealed, arguing that the trial court abused its discretion in denying his request to withdraw his plea. This Court affirmed, finding that the issue was not preserved for review, and even if Bingham had properly preserved the issue, Bingham entered a knowing, voluntary, and intelligent plea, and the return of the television was not a condition of the agreement. *See* *Commonwealth v. Bingham*, 494 MDA 2022 (Pa. Super. filed Jan. 18, 2023) (non-precedential decision).

On June 1, 2023, Bingham filed a timely pro se PCRA petition, arguing he should have been entitled to withdraw his plea because the entry of the plea was conditional on the return of the television. The PCRA court appointed counsel, who filed a supplemental PCRA petition, arguing that plea counsel

_____

[3] Bingham obtained new counsel for sentencing.

- 3 -

was ineffective in advising Bingham that his television would be returned immediately after his plea and that he would receive credit for time served beginning on the date the complaint was filed against him. The PCRA court conducted a hearing on Bingham's PCRA petition, after which it denied the petition. Bingham filed a timely appeal.

On appeal, Counsel filed a **Turner**/**Finley** no-merit brief and petition to withdraw. As an initial matter, we must consider the adequacy of Counsel's **Turner**/**Finley** filings. To be permitted to withdraw from PCRA representation, there must be an independent review conducted by counsel, evidenced by the following:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

**Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011) (citation and brackets omitted). Further, counsel seeking to withdraw must

> forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner

has the right to proceed pro se, or with the assistance of privately retained counsel.

***Id.*** (citation omitted).

Here, in his ***Turner***/***Finley*** brief, Counsel describes the nature of his review, identifies issues that Bingham seeks to raise, and explains why the issues lack merit. Additionally, Counsel provided Bingham notice of his intention to withdraw from representation, a copy of the "no-merit" letter and petition to withdraw as counsel, and advised Bingham of his rights in lieu of representation. Accordingly, we conclude that Counsel has complied with the requirements necessary to withdraw as counsel. We now independently review Bingham's claims: "Whether trial counsel was ineffective [in] permitting [Bingham] to enter his guilty plea and seeking appropriate credit for time served." ***Turner***/***Finley*** Brief at 1.[4]

"This Court's standard of review regarding a PCRA court's denial of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error." ***Commonwealth v. Felix***, 303 A.3d 816, 819 (Pa. Super. 2023). Appellate courts are bound by the PCRA court's credibility determinations if they are supported by the record. ***Commonwealth v. Rizor***, 304 A.3d 1034, 1058 (Pa. 2023). "With respect to the PCRA court's legal considerations, we apply a de novo standard of

---

[4] Bingham did not retain alternate counsel or file any response to Counsel's petition to withdraw.

review." ***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

Bingham contends that plea counsel was ineffective in allowing him to enter his guilty plea based on the understanding, stated to him by plea counsel, that he would be able to withdraw his plea if the Department of Corrections did not return his television. ***Turner/Finley*** Brief at 6-7. Bingham alleges that he would not have pled guilty in this case if he did not believe that the television was not going to be returned immediately. ***Id.*** at 8. Bingham further claims that he did not read or sign the plea agreement. ***Id.*** at 7.

To establish an ineffectiveness claim, a PCRA petitioner must plead and prove, by a preponderance of evidence, that:

> (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

***Felix***, 303 A.3d at 819 (citations and quotation marks omitted).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will

serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

*Id.* at 820 (citation omitted).

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *accord* Pa.R.Crim.P. 590, cmt.

In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Felix*, 303 A.3d at 820 (citation omitted).

In his oral and written plea colloquies, Bingham indicated that he understood English, was not under the influence of alcohol or drugs, and was not suffering from any impairment preventing him from understanding the

proceedings. N.T., 12/16/2021, at 4-5. Bingham indicated that he understood the nature of the charges and the elements of aggravated assault. *Id.* at 5-6. Bingham also stipulated to the facts to which he was pleading guilty. *Id.* at 6. He expressed his understanding of the permissible range of sentences and fines. *Id.* at 5-6; Written Plea Colloquy, 12/16/2021. Bingham additionally indicated that he understood the rights he was foregoing by pleading guilty, including the right to a jury trial, present a defense, and the Commonwealth had to prove every element of the charge beyond a reasonable doubt. N.T., 12/16/2021, at 6. Bingham stated that no one had forced him to enter the plea, and that he wished to plead guilty. *Id.* at 6-7.

Bingham's written plea colloquy made no mention of the return of the television. *See* Written Plea Colloquy, 12/16/2021. Further, despite Bingham's belated claim to the contrary, he stated before the lower court that he reviewed the written agreement with his plea counsel. N.T., 12/16/2021, at 5.

Moreover, the District Attorney, Bingham's counsel, and the trial court all stated, on the record and in Bingham's presence, that neither the trial court nor the Commonwealth had the authority to direct that the television be returned. N.T. 12/16/21, at 2-4; *see also id.* at 4 (wherein the trial court emphasized that the return of the television was "obviously up to" the Department of Corrections). At the PCRA hearing, Bingham's counsel testified that he did not guarantee that Bingham could withdraw his plea if the

- 8 -

television was not returned, and instead advised Bingham that he could file a request with the trial court to withdraw his plea, but it would be up to the judge to decide the motion. *See* N.T., 10/12/23, at 14; *see also* PCRA Court Opinion, 12/21/2023, at 5 (crediting PCRA counsel's testimony at the PCRA hearing).

Based upon the totality of the circumstances, the record reflects that Bingham knowingly, intelligently, and voluntarily entered his guilty plea, and that the return of the television was not a condition or term of the guilty plea. Importantly, at the time of the plea, Bingham was aware that the trial court lacked the authority to compel the return of the television. *See* N.T. 12/16/21, at 2-4. Accordingly, we agree with Counsel that Bingham's ineffectiveness claim is without arguable merit and his first claim fails. *See Felix*, 303 A.3d at 821-22.

Bingham further contends that sentencing counsel was ineffective in failing to argue that he is entitled to credit for time served from the date of the filing of the criminal complaint against him, rather than the date of sentencing. *Turner*/*Finley* Brief at 6, 8.

Bingham's time credit claims are governed by 42 Pa.C.S. § 9760, which states, in relevant part:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1)   Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody

- 9 -

as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1). "[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." **Commonwealth v. Richard**, 150 A.3d 504, 520-21 (Pa. Super. 2016) (citation omitted).

In imposing the sentence, the trial court specifically stated that Bingham "is not entitled to any credit on this sentence." N.T., 2/17/2022, at 8. Moreover, the trial court imposed the sentence concurrently to any sentence Bingham was serving at the time of sentencing. **Id.** The record reflects that Bingham acknowledged he was in prison serving another sentence at the time he committed the aggravated assault. **See** N.T., 10/12/2023, at 11-12 (wherein Bingham stated that he was serving "a lengthy prison sentence … . So if – whatever they would have gave me here, it doesn't matter. I got 53 years in Delaware. I got 17 years in Pennsylvania, so the time is irrelevant."); **see also** N.T., 12/16/2021, at 6 (Bingham stipulating to the factual basis of the guilty plea). We glean nothing in the record to contradict the trial court's finding that Bingham is not entitled to credit for time served on the instant sentence. Likewise, section 9760 does not provide credit for time served that

has already been credited to another sentence. Accordingly, we agree with Counsel that Bingham's argument to receive double credit lacks arguable merit and thus his second claim is meritless.

Upon our independent review of the record, we conclude that the PCRA petition is without merit, and that Counsel is entitled to withdraw under the precepts of *Turner*/*Finley*.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/19/2024