J-S23003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK FORD | : | |
| | : | |
| Appellant | : | No. 1799 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos:  CP-51-CR-0002874-2015,
CP-51-CR-0004136-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK FORD | : | |
| | : | |
| Appellant | : | No. 1800 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos:  CP-51-CR-0002874-2015,
CP-51-CR-0004136-2015

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                     **FILED OCTOBER 23, 2024**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated appeals, Appellant, Mark Ford, appeals from the judgments of sentence imposed in Court of Common Pleas of Philadelphia County on March 30, 2017.[1]  Upon review, we affirm.

On December 5, 2016, Appellant entered an open guilty plea in two cases.  Specifically, regarding Docket Number CP-51-CR-0002874-2015, Appellant entered an open guilty plea to rape by forcible compulsion, involuntary deviate sexual intercourse by forcible compulsion, robbery, kidnapping for ransom, unlawful restraint, possession of an instrument of crime, and terroristic threats.  In addition, regarding Docket Number CP-51-CR-0004136-2015, Appellant pled guilty to robbery, kidnapping for ransom, access device fraud, indecent assault by forcible compulsion, and terroristic threats.  On March 20, 2017, Appellant was sentenced to an aggregate term of 12 to 41 years' incarceration.

On March 30, 2017, Appellant filed a motion for reconsideration of sentence.  While Appellant's motion for reconsideration was still pending, on June 22, 2017, Appellant filed a *pro se* PCRA petition. Within his petition,

---

[1] In **Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*), this Court held that even though the appellant filed multiple notices of appeal, each listing multiple lower court docket numbers, the appeals should not be quashed because the appellant filed an appropriate number of appeals.  **Id.** at 1148.  The **Johnson** Court was also persuaded by the fact that the appellant had italicized only one trial court docket number in each notice of appeal, noting that this made it clear that the clerk of courts did not play a role in typing separate notices of appeal. **Id.**

Here, Appellant filed the correct number of notices of appeal.  Accordingly, we decline to quash his appeals.  **Id.**

Appellant claimed that trial counsel was ineffective for failing to file a direct appeal. Thus, he sought leave to file a direct appeal *nunc pro tunc*.

The trial court denied Appellant's motion for reconsideration of sentence on July 17, 2017. Three days later, counsel appointed to represent Appellant in connection with his PCRA petition entered his appearance. On February 27, 2018, court-appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 14, 2018, after finding counsel's **Turner**/**Finley** letter inadequate, the PCRA court permitted counsel to withdraw and ordered a new attorney to be appointed to represent Appellant. Subsequently, on October 30, 2018, new counsel filed an amended PCRA petition asserting that trial counsel was ineffective for failing to file a direct appeal on Appellant's behalf. On January 25, 2019, the PCRA court reinstated Appellant's appellate rights *nunc pro tunc*.

Subsequently, Appellant timely appealed the judgments of sentence, arguing that the sentences were too harsh. On appeal, we determined that the underlying PCRA petition that gave rise to the direct appeal was premature because it had been filed 25 days before the trial court denied reconsideration of his sentence, and 55 days before his right to file a direct appeal from his judgments of sentence expired. **See Commonwealth v. Ford**, 2019 WL 6499419 at *3 (Pa. Super. filed December 3, 2019). Accordingly, we

- 3 -

concluded that the PCRA court lacked jurisdiction to reinstate Appellant's direct appeal rights *nunc pro tunc* and quashed the appeal. **Id.**

On March 3, 2020, Appellant filed a second PCRA petition. After the PCRA court appointed counsel for Appellant, on July 20, 2021, Appellant filed a counsel-amended petition requesting the reinstatement of his direct appeal rights. On June 23, 2022, the PCRA court granted Appellant's PCRA petition, reinstating his direct appeal rights *nunc pro tunc*.[2]

On July 18, 2022, Appellant filed a notice of appeal from the March 20, 2017, judgment of sentence, and on September 12, 2022 Appellant filed a statement of errors complained of on appeal.

Appellant argues that his guilty plea was involuntary because trial counsel did not adequately explain the elements of each offense to him, the risk involved with trial, and his potential sentence. **See** Appellant's Amended PCRA petition, 7/20/21, at ¶¶ 27-29. For the reasons explained below, we conclude that Appellant's argument is waived and meritless.

It is well-established that to have the voluntariness of a guilty plea claim addressed on appeal, an appellant must raise the claim at sentencing or in a post-sentence motion, and that the failure to do so results in a waiver of the claim. **See**, **e.g.**, **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 469 (Pa. Super. 2017).

---

[2] Appellant's counsel-amended PCRA petition only requested reinstatement of his "appellate rights," and the trial court's order only reinstated his "appellate rights" *nunc pro tunc*. **See generally Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009).

Instantly, Appellant did not challenge his guilty plea at sentencing. Nor did he raise it in a post-sentence motion. Therefore, we deem this issue waived for our review. ***See id.***

Even if not waived, Appellant's claim would not merit relief.

> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. . . . Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

***Commonwealth v. Felix***, 303 A.3d 816, 820 (Pa. Super. 2023). Additionally, whether a plea was knowing and voluntary is determined by examining the totality of the circumstances surrounding the plea. ***See***, ***e.g.***, ***Commonwealth v. Moser***, 921 A.2d 526, 529 (Pa. Super. 2007). A defendant is bound by the statements he makes during his plea colloquy and cannot assert challenges to his plea contradicting those statements. ***See, e.g., Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018).

A review of the record readily belies Appellant's argument. Indeed, the record reveals that Appellant read, understood, and, after consulting with counsel, voluntarily agreed to sign the plea colloquy forms before entering his pleas. ***See*** N.T. Guilty Plea, 12/05/16, at 4-5; ***see also*** Trial Court Opinion, 10/6/22, at 7-9.

Similarly, a review of the record reveals that Appellant understood the elements of the charges to which he pled guilty. *See* N.T. Guilty Plea, 12/05/16, at 5-6; *see also* Trial Court Opinion, 10/6/22, at 7-9.

Relatedly, Appellant challenges the adequacy of the explanation provided to him regarding the elements of the charges against him. Appellant's claim is based on the following exchange:

> Trial Court: According to the documents that you read, signed, and discussed with your attorney, you have agreed to plead guilty to rape, involuntary deviate sexual intercourse, robbery, kidnapping, unlawful restraint, possessing an instrument of a crime, and terroristic threats on the one case.
>
> As to the second case, robbery, kidnapping, access device, indecent assault with forcible compulsion, and terroristic threats.
>
> Do you understand the elements of these charges? Did [trial counsel] explain what the Commonwealth would have to prove for you to be found guilty of these charges? Did you go over the elements?
>
> Appellant: I guess, yes.
>
> (Whereupon, a discussion was held off the record between defense counsel and [Appellant]).
>
> Trial Court: Okay. So let the record reflect that [trial counsel] had a conversation with his client. Do you understand the elements of these charges?
>
> Appellant: Yes.

N.T. Guilty Plea Hearing, 12/05/16, at 5-6.

In Appellant's estimation, the use of the phrase "I guess" denotes that the elements of the crimes were not previously discussed with trial counsel and, to the extent that they were addressed at the hearing, said consultation

ran afoul of **Commonwealth v. Hines**, 437 A.2d 1180 (Pa. 1971). We disagree.

In **Hines**, the Commonwealth attempted to circumvent the requirement of a proper on-the-record colloquy by arguing that testimony of appellant's trial counsel at the post-conviction hearing on appellant's previous [Post Conviction Hearing Act] petition establishes that appellant's plea was in fact voluntary. **Id.** at 1186-87. Our Supreme Court disagreed with said approach, noting that "an attorney's discussion with his client, outside the court's presence, was never intended to provide the basis for an independent, judicial conclusion that the accused understands and admits the specific acts constituting the crime(s) charged." **Id.** at 1187 (citation omitted).

**Hines** is easily distinguishable from the instant matter. Appellant fails to recognize that the consultation between Appellant and counsel took place during the guilty plea colloquy (in **Hines**, there was no colloquy), that Appellant, in his own words, stated, in open court and on the record, that he understood the elements of the crimes, and that the determination whether Appellant understood the elements of the crimes was not based on trial counsel's testimony at a collateral proceeding but on Appellant's own answer at the guilty plea hearing. Accordingly, Appellant's reliance on **Hines** is misplaced.

Finally, a review of the record reveals that Appellant understood the rights he would forfeit by entering guilty pleas, that he voluntarily wished to

forfeit those rights, and that he understood the potential sentences the trial court could impose as a result of his guilty pleas. **See** N.T. Guilty Plea Hearing, 12/05/16, at 10, 6; **see also** Trial Court Opinion, 10/06/22, at 8-9.

In light of the foregoing, we conclude that Appellant's challenge to the voluntariness of his guilty plea is waived. To the extent that it can be deemed preserved for our review, the claim would be nonetheless meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2024