**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SACARIO MORGAN | : | |
| | : | |
| Appellant | : | No. 1464 WDA 2024 |

Appeal from the PCRA Order Entered August 8, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000049-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SACARIO MORGAN | : | |
| | : | |
| Appellant | : | No. 1465 WDA 2024 |

Appeal from the Order Entered August 8, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000039-2023

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: July 23, 2025**

Appellant Sacario Morgan appeals the order entered by the Court of Common Pleas of Erie County denying his petition pursuant to the Post Conviction Relief Act (PCRA).[1]  PCRA counsel filed a petition to withdraw his representation as well as an accompanying brief pursuant to ***Commonwealth***

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

*v. Turner*, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After careful review, we affirm the PCRA court's order and grant PCRA counsel's petition to withdraw.

On September 14, 2023, Appellant entered a negotiated guilty plea across two dockets to unlawful delivery of a controlled substance (56.01 grams of methamphetamine), possession of a controlled substance with intent to deliver (PWID) (833.05 grams of methamphetamine), and PWID (302.49 grams of fentanyl). In exchange for this plea, the Commonwealth agreed that multiple charges would be *nol prossed*. On the same day, the trial court sentenced Appellant to an aggregate term of six to twelve years' incarceration and determined that Appellant was not eligible for recidivism risk reduction initiative (RRRI) status for sentencing. Appellant did not file a direct appeal.

On April 22, 2024, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who filed a supplemental PCRA petition claiming trial counsel was ineffective in failing to advocate for an RRRI minimum sentence and the trial court erred in failing to afford Appellant RRRI eligibility. The Commonwealth filed a response claiming Appellant was not RRRI eligible given that he was convicted of drug trafficking offenses involving large amounts of methamphetamine and fentanyl.

On June 18, 2024, the PCRA court filed notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file any response to the Rule 907 notice. On August 8, 2024, the PCRA court entered a final order dismissing Appellant's PCRA petition.

On November 1, 2024, PCRA counsel requested reinstatement of Appellant's right to appeal *nunc pro tunc*, claiming Appellant did not receive service of the PCRA court's final dismissal order until October 25, 2024 as Appellant was transferred to a different state correctional facility. The PCRA court granted Appellant the reinstatement of the right to file a collateral appeal *nunc pro tunc*.

After Appellant filed his appeal *nunc pro tunc*, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). PCRA counsel instead filed a statement of intent to file a ***Turner-Finley*** brief. Thereafter, PCRA counsel filed a petition to withdraw and a ***Turner-Finley*** brief.

As an initial matter, we review PCRA counsel's petition to withdraw.

Counsel petitioning to withdraw from PCRA representation must proceed ... under ***Turner***, ***supra*** and ***Finley***, ***supra*** and ... must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner***/***Finley***, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

- 3 -

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (brackets omitted)).

After reviewing the record and counsel's petition to withdraw, we find PCRA counsel has complied with the technical requirements of *Turner* and *Finley*, *supra*. PCRA counsel detailed the nature and extent of his review, listed the issue which Appellant wished to appeal, and explained why he believed the claim was meritless. PCRA counsel indicated that after conscientious review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf. Moreover, PCRA counsel attached the letter he sent to Appellant in which counsel specifically indicated that he believed the appeal was meritless based on the reasons set forth in his brief and notified Appellant of his right to raise additional points for consideration by proceeding *pro se* or with the assistance of privately retained counsel. *See Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa.Super. 2016).

We now consider the issue PCRA counsel presents in his brief to ascertain whether the claim entitles Appellant to relief. Appellant claims that trial counsel was ineffective in failing to advocate for Appellant's RRRI designation and the trial court erred in failing to designate him as eligible for a RRRI minimum sentence.

In reviewing a claim of ineffectiveness of counsel, we are guided by the following principles:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018) (quoting *Commonwealth v. Natividad*, 938 A.2d 310, 321 (Pa. 2007)).

Our courts have recognized that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa.Super. 2023). "Allegations of ineffectiveness in connection with the entry of a … plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Kehr*, 180 A.3d 754, 760 (Pa.Super. 2018) (quoting *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999)).

Appellant contends that trial counsel incorrectly advised him that he was not eligible for a RRRI minimum sentence. To the extent that Appellant suggests that counsel's advice rendered his plea involuntary and unknowing, we find this argument fails for lack of merit.

Section 4503 of the RRRI statute sets forth the requirements for a defendant or inmate to be deemed an "eligible person" for this program. One of the requirements is that the defendant cannot have been found guilty or

previously convicted of "drug trafficking as defined in section 4103." 61 Pa.C.S.A. § 4503(4). Section 4103 defines "drug trafficking" as including a conviction for PWID under 35 P.S. § 780-113(a)(30), where the controlled substance in question is at least 100 grams of methamphetamine or more than ten grams of fentanyl. 61 Pa.C.S.A. 4103 (definitions).

As noted above, Appellant pled guilty to two counts of PWID under Section 780-113(a)(30) where he admitted to possessing 833.05 grams of methamphetamine and 302.49 grams of fentanyl, respectively. As such, trial counsel was correct in advising Appellant that he was not RRRI eligible as he was convicted of drug trafficking offenses.[2] Our courts have established that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Spotz*, 587 Pa. 1, 33, 896 A.2d 1191, 1210 (2006).[3]

Appellant also argues that he is entitled to collateral relief as he claims he was given an illegal sentence when the trial court determined he was not RRRI eligible.[4] We dismiss this claim for the reasons stated above as the trial

_____

[2] Appellant suggested in his pro se PCRA petition that he was eligible for an RRRI minimum sentence as the Commonwealth failed to prove he was a "drug kingpin." However, we are aware of no statutory or precedential law in Pennsylvania that places this burden on the prosecution and Appellant does not cite to any such authority.

[4] A challenge to the legality of a sentence is a cognizable claim under the PCRA. *Commonwealth v. Hernandez,* 328 A.3d 1159, 1165 (Pa.Super. 2024) (citing *Commonwealth v. McIntyre*, 659 Pa. 428, 232 A.3d 609, 617 (2020)). Our Supreme Court has held that "[a] sentencing court's incorrect determination regarding an offender's [RRRI] eligibility, which results in the failure to impose a reduced sentence, necessarily involves a challenge to the
*(Footnote Continued Next Page)*

court expressly found on the record that Appellant was statutorily disqualified from receiving an RRRI sentence due to the weight of the drugs that he admitted to possessing within his guilty plea.

Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's petition, which does not contain any issues of arguable merit. We, therefore, affirm the PCRA court's order dismissing Appellant's petition and grant PCRA counsel's petition to withdraw.

Order affirmed. Petition to Withdraw as Counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/23/2025

---

sentencing court's authority to impose a particular sentence." **Commonwealth v. Finnecy**, 665 Pa. 470, 486, 249 A.3d 903, 912 (2021). Therefore, a petitioner's challenge to the trial court's RRRI eligibility determination implicates the legality of sentence, which is reviewable through the PCRA. **Id.**