J-S39032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEROY WILLIAMS | : | |
| | : | |
| Appellant | : | No. 458 EDA 2025 |

Appeal from the Judgment of Sentence Entered September 11, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000125-2024

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                     **FILED JANUARY 5, 2026**

Leroy Williams ("Williams") appeals from the judgment of sentence following his guilty plea to possession with intent to deliver a controlled substance ("PWID").[1]  Additionally, Williams's counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Because Williams has failed to show the trial court abused its discretion in denying his post-sentence motion to withdraw his negotiated guilty plea, and our independent review discloses no non-frivolous appellate issues, we grant Counsel's petition to withdraw and affirm.

The trial court set forth the following factual and procedural history:

_____

[1] ***See*** 35 P.S. § 780–113(a)(30).

[I]n October [] 2023, . . . Williams . . . was arrested and charged with [PWID and related offenses]. . . . [He] entered a negotiated guilty plea to [PWID of f]entanyl.

Prior to entering his guilty plea, [Williams] indicated that he understood what was happening in court but that he had not had enough time to speak with his lawyer. Th[e c]ourt explained to [him] the sentencing guidelines and procedures and that [he] was presumed to be innocent. The [c]ourt passed [Williams's] case until the end of the day to give him more time to speak with his lawyer.

Williams returned to the courtroom later in the afternoon, [and] assured th[e c]ourt that he had enough time to speak with his lawyer and that he wanted to "[a]ccept the plea and plead guilty[.]" [Plea] counsel colloquied [Williams,] who confirmed that he was 53 years old, had a high school diploma, that he could read and write, that he understood the terms of the guilty plea and that he was not under the influence of any substance that would affect his understanding. **[Williams] confirmed that no one had forced, threatened or coerced him into pleading guilty and that he was doing so of his own free will.** [Plea] counsel confirmed with [Williams] that together they had reviewed and completed the guilty plea statement and statement of post-sentence rights, and that [Williams] understood the documents.

Th[e trial c]ourt conducted its own colloquy of [Williams,] during which he confirmed that he understood what he was doing, had enough time to speak with his attorney and that he was satisfied with the advice he had received. Th[e c]ourt accepted [Williams's] plea as knowing, voluntary and intelligent. Th[e c]ourt imposed [a below standard-range sentence of six-to-twelve years of imprisonment with five years of consecutive probation] upon [Williams,] consistent with the plea negotiations[,] and [Williams] indicated he had no questions of the [c]ourt.

[I]n September [] 2024, [Williams] filed a [post-sentence motion to withdraw his guilty plea.] [I]n January [] 2025, th[e c]ourt conducted a hearing on [the m]otion[,] at which [Williams] testified. . . . [The court later] denied [the m]otion. [Williams's] timely . . .[a]ppeal followed. Th[e c]ourt issued an [o]rder [r]equiring a 1925(b) Statement. . . . [Counsel] filed a Statement of Intent to File an **Anders**/**Santiago** Brief [pursuant to Pa.R.A.P. 1925(c)(4)].

Trial Ct. Op., 5/20/25, at 1-3 (citations to the record and footnotes omitted; emphasis added).

As noted above, Counsel has filed an application to withdraw along with an **Anders** brief. When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In **Santiago**, our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

> record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied these technical requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has filed a petition to withdraw stating that after an extensive review of the record and applicable law, she has concluded that this appeal is wholly frivolous. *See* Pet. to Withdraw, 6/30/25, at ¶ 4. Counsel has also filed a brief and provided it to Lloyd, and has advised Lloyd of his right to proceed in this appeal, with private counsel or *pro se*, and to present to this Court any other information or documentation relevant to his appeal. *See id*. at ¶ 5; *see also id*. at Ex. 1 (letter to Williams informing him of the right to retain new counsel or to submit on his own behalf additional arguments). Counsel's *Anders* brief includes a summary of the factual procedural history of the appeal and explains her reasons for concluding that the appeal is wholly frivolous. *See Anders* Brief at 6-17. Thus, we conclude that Counsel has complied with the technical requirements of *Anders* and *Santiago*, and we will proceed with an independent review of whether this appeal is frivolous.

Counsel identifies the following issues for our review:

Whether the trial court abused its discretion when it refused to permit [Williams] to withdraw his guilty plea where the plea was not knowing, voluntary and intelligent?

*Anders* Brief at 13–14.

Our standard of review for challenges to the denial of a post-sentence motion to withdraw a guilty plea is as follows:

We review the denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion. *See Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa. Super. 2018). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.* (citation omitted).

*Commonwealth v. Gabra*, 336 A.3d 1052, 1056–57 (Pa. Super. 2025).

As noted above, Williams's issue concerns the trial court's denial of his post-sentence motion to withdraw his guilty plea. This Court has explained:

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. *A defendant is bound by the statements he makes during his plea colloquy, and he may not assert grounds for withdrawing the plea that contradict statements made when he pled.*

*Id*. at 1057 (internal citation omitted; emphasis added). Where the motion to withdraw the guilty plea is made after sentencing, a defendant must demonstrate manifest injustice would occur if the motion were denied. *See id*. "Manifest injustice may be established if the plea was not tendered

- 5 -

knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea." *Id* (internal citation omitted).

Williams's intended challenge is to the trial court's denial of his post-sentence motion in which he sought to withdraw his guilty plea because it was involuntary. Williams argues the plea was involuntary because plea counsel communicated with his, Williams's, wife about the offer and asked her to tell him, Williams, to take the plea. *See Anders* Br. at 14. Williams asserts that had his wife not pressured him to take the plea—which she would not have done absent plea counsel's prompting—he would not have pleaded guilty. *See id*.

The trial court considered Williams's issue and concluded it merits no relief:

> Both defense counsel and this [c]ourt conducted a colloquy of [Williams] the day [he] entered his plea. In addition to the written guilty plea statement in which [Williams] acknowledged his understanding of what he was doing by pleading guilty, this [c]ourt and [Williams's] attorney each questioned [him] extensively regarding [his] understanding of what he was doing and the rights he was giving up by entering a guilty plea. This court determined after inquiry . . . that his plea was knowing, voluntary and intelligent. [Williams's] plea proceedings complied with the requirements of Pa.R.Crim.P. 590.

Trial Ct. Op., 5/20/25, at 4.

Following our review, we discern no abuse of discretion by the trial court in denying Williams's motion. We note that, initially, the court continued the plea from one day into the next, and then a second time until later that second

day, for Williams to have sufficient time to discuss the plea deal with his attorney. *See* N.T., 9/11/24, at 3. After consulting with his attorney, Williams pleaded guilty, and he affirmed under oath that, while his attorney was prepared to try his case, Williams ultimately decided to plead guilty. *See id*. at 16-17. Williams stated that it was his decision and that no one had forced, threatened, or coerced him into entering the plea. *See id*. at 16. Additionally, he affirmed he was pleading guilty of his own free will. *See id*.; *accord* Guilty Plea Statement (Colloquy), 9/11/24, at ¶¶ 28-29 (indicating Williams's plea was voluntary and he answered the colloquy questions voluntarily). Further, at the plea hearing, Williams indicated he understood the written colloquy and declined to ask any questions of the court after the oral colloquy. *See* N.T., 9/11/24, at 21. When given the opportunity for allocution, Williams declined to say anything. *See id*. at 24. Additionally, we note that Williams received as part of his negotiated sentence a six-to-twelve-year term of incarceration with five years of consecutive probation, *see id*., below the guideline sentence of fifteen to thirty years for a second PWID offense involving fentanyl. *See id*. at 4.

Notwithstanding Williams's sworn statements in the written and oral colloquies that his below-guidelines plea was voluntary, he later asserted his wife coerced him at the urging of his attorney. *See* N.T., 1/9/25, at 6. The law however does not permit Williams to contradict his prior sworn statements

about the voluntariness of his plea. *See Gabra*, 336 A.3d at 1057.[2] As such, we discern no abuse of discretion by the trial court in denying Williams's post-sentence motion to withdraw his guilty plea, and any challenge to the disposition of Williams's post-sentence motion is frivolous. Additionally, following our own independent review, we conclude there are no non-frivolous issues in the certified record. Consequently, we concur with Counsel's assessment that Williams's appeal is frivolous. As such, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/5/2026

_____

[2] To the extent Williams sought to withdraw his guilty plea because he was dissatisfied with his sentence, *see* N.T., 1/9/25, at 11 (Williams informing the court of his dissatisfaction that he received consecutive probation while a co-defendant did not), Williams agreed to the consecutive probation, *see* N.T., 9/11/24, at 13 (guilty plea terms stated in open court prior to Williams's oral colloquy); and, in any event, this is an insufficient basis for withdrawal of the plea. *See Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023) (providing that a defendant's disappointment in the sentence does not constitute manifest injustice).