J-A06042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TAYLYN NASHELL EDWARDS | : | |
| | : | |
| Appellant | : | No. 790 WDA 2025 |

Appeal from the PCRA Order Entered March 10, 2025
In the Court of Common Pleas of Indiana County Criminal Division at
No(s):  CP-32-CR-0000042-2023

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED: MAY 11, 2026**

Taylyn Edwards ("Edwards") appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Edwards' counsel, Attorney J.D. Ryan ("Counsel"), has filed a petition to withdraw representation and an accompanying brief in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).[2]  After review, we grant

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). This is technically incorrect, as a brief pursuant to **Turner**/**Finley** is the appropriate filing where counsel seeks to withdraw from the dismissal of PCRA relief.  Nevertheless, because an **Anders** brief provides greater protection to a defendant, we accept this brief and will address Counsel's application under the precepts of **Turner**/**Finley**.  **See Commonwealth v. Widgins**, 29 A.3d
*(Footnote Continued Next Page)*

Counsel's petition to withdraw and affirm the order dismissing Edwards' PCRA petition.

On or about October 20, 2022, Edwards, along with six adult and one juvenile co-defendants, kidnapped Hayden Garreffa ("Garreffa") from his residence and transported him to a remote location, where the group subjected Garreffa to severe and prolonged physical abuse that ultimately resulted in his death. During the subsequent investigation, the police interviewed Edwards, who confessed to kidnapping and assaulting Garreffa, and subsequently stabbing Garreffa multiple times. Thereafter, the Commonwealth charged Edwards with criminal homicide, kidnapping, and other related offenses.

The trial court appointed Attorney Timothy S. Burns to represent Edwards. On June 20, 2023, Attorney Burns filed a "Motion to Appoint Mental Health Expert." The trial court granted the motion. Dr. Scott Scotilla performed a psychological evaluation, which concluded that Edwards suffered from longstanding mental health issues requiring treatment pursuant to the Mental Health Procedures Act.

_____

816, 817 n.2 (Pa. Super. 2011) ("Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter."). Despite our disposition, we caution Counsel "to utilize the proper procedural construct in the future." **Commonwealth v. Muzzy**, 141 A.3d 509, 510 n.3 (Pa. Super. 2016).

On November 29, 2023, Attorney Burns filed pretrial motions. Subsequently, the trial court scheduled a plea hearing on May 24, 2024. After completing oral and written plea colloquies, Edwards agreed to plead guilty but mentally ill to first-degree murder and kidnapping in exchange for nol prossing the remaining charges. The trial court accepted the plea. Thereafter, the trial court sentenced Edwards to a mandatory term of life in prison without parole. Edwards did not file a direct appeal.

On August 9, 2024, Edwards filed a pro se PCRA petition. The PCRA court appointed Counsel, who filed an amended petition asserting claims of ineffective assistance of plea counsel. Relevant herein, Counsel argued that Attorney Burns rendered ineffective representation by advising Edwards that her sentence would be served in a mental institution, as opposed to the Department of Corrections, which resulted in an unlawfully induced plea agreement contrary to Edwards' alleged innocence. The PCRA court held an evidentiary hearing on the petition, at which Attorney Burns and Edwards testified. Following the hearing, the PCRA court denied the petition. Counsel then timely filed a notice of appeal and complied with the PCRA court's direction to file a Rule 1925(b) statement.

On appeal, Counsel has filed a **Turner**/**Finley** no-merit brief and petition to withdraw. Before addressing the merits of Edwards' PCRA claim, we must consider whether Counsel met the technical requirements of

*Turner*/*Finley*.  *See Muzzy*, 141 A.3d at 510.  To be permitted to withdraw from PCRA representation, counsel

> must review the case zealously.  *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.  Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.  Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, … this Court [] must then conduct its own review of the merits of the case.  If the [C]ourt agrees with counsel that the claims are without merit, the [C]ourt will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted and formatting altered).

Here, in the *Turner*/*Finley* brief, Counsel describes the nature and extent of his review, identifies the issue that Edwards seeks to raise, and explains why the issue lacks merit.  Additionally, Counsel provided Edwards notice of his intention to withdraw from representation, a copy of the *Turner*/*Finley* brief and petition to withdraw as counsel, and advised Edwards of her immediate right to proceed pro se or with privately retained counsel in lieu of his representation.  Petition to Withdraw, 10/21/2025, at 1; Letter, 10/21/2025.  Accordingly, we conclude that Counsel has complied with the requirements necessary to withdraw under *Turner*/*Finley*.

In his brief before this Court, Counsel raises a single issue: "Whether the lower court erred in denying [Edwards'] PCRA petition relating to ineffective assistance of trial counsel, where [Edwards] met her burd[e]n of

proof that her entry of her guilty plea was the product of trial counsel's misleading assertions as to the nature of her sentence?" ***Turner*/*Finley*** Brief at 4 (unnecessary capitalization omitted).

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free form legal error." ***Commonwealth v. Wilson***, 273 A.3d 13, 18 (Pa. Super. 2022) (citation omitted). Appellate courts are bound by the PCRA court's credibility determinations if they are supported by the record. ***Commonwealth v. Rizor***, 304 A.3d 1034, 1058 (Pa. 2023). "An appellate court cannot substitute its judgment for that of the finder of fact." ***Commonwealth v. Collins***, 70 A.3d 1245, 1251 (Pa. Super. 2013). "With respect to the PCRA court's legal consideration, we apply a de novo standard of review." ***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

Edwards claims that Attorney Burns was ineffective during his representation during the plea process, which led to her plea agreement being unknowingly and involuntarily entered. ***Turner*/*Finley*** Brief at 9. Edwards argues that Attorney Burns made misleading assertions regarding the nature of her sentence and whether she could serve it in a mental health facility, rather than in prison. ***Id.*** at 11-15.

To establish a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove, by a preponderance of evidence, that

(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise.

*Commonwealth v. Felix*, 303 A.3d 816, 819 (Pa. Super. 2023) (citations and quotation marks omitted). "The failure to satisfy any one of the ineffectiveness prongs precludes relief." *Commonwealth v. Drayton*, 313 A.3d 954, 960 (Pa. 2024) (citation omitted).

A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

- 6 -

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Felix*, 303 A.3d at 820 (citation omitted); *see also* Pa.R.Crim.P. 590, cmt.

The record in this matter reflects that the court conducted oral and written guilty plea colloquies, wherein Edwards acknowledged that she understood that she was entering a guilty but mentally ill plea to first-degree murder and kidnapping, the factual basis of the plea, the nature of the charges, and the permissible range of sentences for the offenses. N.T., 5/24/2024, at 4-11; Written Plea Colloquy, 5/24/2024, at 1-3. Edwards further verified that there was nothing affecting her ability to understand the

- 7 -

plea agreement, she was aware of her right to a jury trial, where she would be presumed innocent until proven guilty, and that her decision to enter the plea was not the result of any threats or promises. N.T., 5/24/2024, at 4-7; Written Plea Colloquy, 5/24/2024, at 3-6, 9. Importantly, the trial court explained that first-degree murder carries a mandatory sentence of life in prison without the possibility of parole, but that based on her guilty but mentally ill plea, the court has to make mental health considerations at sentencing regarding her need for future treatment. N.T., 5/24/2024, at 2-3, 7-10; Written Plea Colloquy, 5/24/2024, at 2. Specifically, the court explained that because Edwards pled guilty but mentally ill, "the law provides that the Court has to make considerations as to what your mental health condition was at the time that this incident took place, what your mental health condition is now and what your needs would be in the future with regard to treatment, ongoing treatment during the course of your life." N.T., 5/24/2024, at 8. Edwards acknowledged the trial court's explanation and had no further questions. *Id.* at 9. The court repeatedly asked Edwards whether she understood the terms of her plea agreement and whether she had the opportunity to ask Attorney Burns any questions regarding the implications of entering the plea; she consistently answered in the affirmative. N.T., 5/24/2024, at 5, 7-12; Written Plea Colloquy, 5/24/2024, at 8-9. Edwards further noted that she was satisfied with Attorney Burns' representation.

Written Plea Colloquy, 5/24/2024, at 8.  Ultimately, the trial court accepted

the plea.  N.T., 5/24/2024, at 12.

Prior to sentencing, the trial court acknowledged the requirements of 42

Pa.C.S. § 9727,[3] and proceeded to make a finding of whether Edwards was

_____

[3] Section 9727 states the following:

> **(a)  Imposition of sentence.--**A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S. § 314 (relating to guilty but mentally ill) may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense.  Before imposing sentence, the court shall hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment pursuant to the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act.
>
> **(b)  Treatment.-**-
>
> (1)  An offender who is severely mentally disabled and in need of treatment at the time of sentencing shall, consistent with available resources, be provided such treatment as is psychiatrically or psychologically indicated for his mental illness.  Treatment may be provided by the Department of Corrections, by the county or by the Department of Human Services in accordance with the Mental Health Procedures Act.
>
> (2)  The cost for treatment of offenders found guilty but mentally ill, committed to the custody of the Bureau of Correction and transferred to a mental health facility, shall be borne by the Commonwealth.
>
> **(c)  Discharge report.--**When a treating facility designated by either the Department of Corrections or the Department of Human Services discharges such a defendant from

*(Footnote Continued Next Page)*

severely mentally disabled. N.T., 6/19/2024, at 2-3. The trial court noted that Dr. Scotilla had authored a comprehensive psychological evaluation report, which stated Edwards suffered from serious Axis I diagnoses and took medication. *Id.* at 3-4. The trial court also acknowledged that Attorney Burns stated that Edwards has significant mental health issues, which will be lifelong. *Id.* at 4. The trial court found that Edwards was "severely mentally disabled and in need of treatment pursuant to the Mental Health Procedures Act." *Id.* at 6. Ultimately, the court sentenced Edwards to the mandatory term of life in prison without parole, noting specifically that her rehabilitation needs could be met during her incarceration. *Id.* at 10-11.

At the PCRA evidentiary hearing, Attorney Burns testified that he met with Edwards in person approximately "a half dozen times" at the county jail, in addition to having numerous phone conferences and several conversations at different court proceedings to discuss the matter. N.T., 2/12/2025, at 6. Attorney Burns stated that although he remained focused on pursuing the possibility of going to trial, he was interested in working toward an alternative resolution, given the significant evidence against Edwards. *Id.* at 8, 17-20.

---

> treatment prior to the expiration of his maximum sentence, that treating facility shall transmit to the Pennsylvania Parole Board, the correctional facility or county jail to which the offender is being returned and the sentencing judge a report on the condition of the offender together with the reasons for its judgments….

42 Pa.C.S. § 9727 (footnote omitted).

He indicated that Edwards wanted to plead guilty because she was remorseful and sought to accept responsibility. *Id.* at 18. He stated that he explained to Edwards that the guilty but mentally ill plea would open the possibility that she could receive mental health treatment or even potentially be transferred to an institution for treatment, but that the decision would be solely within the Department of Corrections' discretion. *Id.* at 12-13. Attorney Burns rejected Edwards' claim that he led her to believe that by pleading guilty, she would serve the sentence in a mental health institution, emphasizing that he told her she would have to go to state prison to be processed and the prison would determine her mental health needs. *Id.*

Edwards testified that she understood her guilty plea, but believed she would be going to hospital for treatment. *Id.* at 23, 26, 40; *see also id.* at 28-29 (noting that she believed she would be going to a mental hospital at sentencing). Edwards acknowledged, however, her statements during the plea colloquy, including that no promises had been made other than the terms of the plea agreement. *Id.* at 31-38. Edwards stated that she has not received a mental health evaluation while in prison. *Id.* at 29.

The PCRA court rejected Edwards' claim:

It is the [PCRA c]ourt's finding that even though [Edwards] is currently incarcerated at SCI Cambridge Springs, the Department of Corrections is obligated, pursuant to [the trial c]ourt's sentencing order and the mandates of 42 Pa.C.S.[] [§] 9727, to provide "such treatment as is psychiatrically or psychologically indicated for [her] mental illness," and this treatment must be provided "in accordance with the Mental Health Procedures Act." Additionally, it is clear that the Department of Corrections is

permitted to transfer [Edwards] to a mental health facility. And then upon discharge from the treating facility, [Edwards] would be returned to the correctional facility and a report would be issued by the treating facility to the correctional facility and the sentencing judge.

These findings lead the [PCRA c]ourt to the conclusion that the advice given by Attorney Burns to [Edwards], i.e., that it is "a possibility" that [Edwards] would serve her sentence in a mental health facility, was correct, as such a scenario is still "a possibility." The [PCRA c]ourt notes that if [Edwards] believes that the Department of Corrections is not following this [c]ourt's sentencing order and the mandates of 42 Pa.C.S.[] [§] 9727, i.e., not providing "such treatment as is psychiatrically or psychologically indicated for [her] mental illness," her remedy resides outside of the [PCRA]. Finally, since Attorney Burns' statements to [Edwards] were factual and correct, the [PCRA c]ourt concludes by determining whether Attorney Burns' conduct was "reasonably designed to effectuate [Edwards'] interests." In this regard, Attorney Burns provided testimony that in his opinion, the evidence against [Edwards] was overwhelming. And based upon his years of experience in criminal matters, and given the conclusions reached by Dr. Scotilla, he believed that a plea of guilty but mentally ill would be in [Edwards'] interests. Also, the [PCRA c]ourt notes that there is no evidence that Attorney Burns exerted any pressure or coerced [Edwards] in any way, but rather, the testimony indicates that Attorney Burns explained all of the options to [Edwards], answered all of her questions, and gave her an adequate amount of time to make a decision. The [PCRA c]ourt finds that Attorney Burns' conduct was reasonably designed to effectuate [Edwards'] interests, and, therefore, this claim of ineffective assistance of counsel must fail.

PCRA Court Opinion, 3/10/2025, at 20-21.

Based on our review of the record, we conclude that Edwards' ineffective assistance of counsel claim is without merit. Edwards expressly certified her understanding of the nature and consequences of her plea. Indeed, she acknowledged that she understood the maximum sentences for the crimes for which she pled guilty, no one promised her anything for the entry of the plea,

and she understood the trial court's explanation of her guilty but mentally ill plea with regard to sentencing. At no time during the plea process was Edwards promised that her sentence would be served at a hospital or mental health institution. It is well settled that "[a] defendant is bound by statements made during a plea colloquy and a defendant may not later offer reasons for withdrawing the plea that contradicts the statements he made when he pled." **Commonwealth v. Kapellusch**, 323 A.3d 837, 848 (Pa. Super. 2024) (citation omitted). Notwithstanding Edwards' assertion that Burns misled her as to the nature of her sentence by indicating that she would serve her sentence at a mental institution rather than in prison, the trial court credited Attorney Burns' testimony that he sufficiently explained the implications of her sentence and did not promise she would serve her initial sentence in a hospital. We are bound by the court's credibility determinations. **See id.** at 844 ("a reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record"); **see also Rizor**, 304 A.3d at 1058 (noting appellate courts must defer to a PCRA court's credibility determinations, and "there is no justification for an appellate court, relying solely on a cold record, to review the fact-finder's first-hand credibility determinations").

As there is no evidence the PCRA court found credible to support Edwards' assertion, she knowingly and voluntarily entered the guilty plea and has not demonstrated prejudice amounting to manifest injustice to withdraw

the plea, her ineffectiveness claim lacks merit. ***See Felix***, 303 A.3d at 820-22 (holding PCRA petitioner's claim of ineffectiveness of plea counsel lacked arguable merit where he entered a voluntary, knowing, and intelligent guilty plea after undergoing extensive oral and written guilty plea colloquies). Accordingly, we grant Counsel's petition to withdraw representation and affirm the PCRA court's order.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/11/2026